UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEVEN A. BOZSIK, | ) CASE NO: 1:03-CV-01625 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE PETER C. ECONOMOUS |
| v. ) | |
| ) | Magistrate Judge George J. Limbert |
| RICHARD HALL, Warden, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Respondent. ) | **OF MAGISTRATE JUDGE** |

The instant matter is before the undersigned on the Warden of Richland Correctional Institution Richard Hall's ("Respondent") motion to dismiss or, in the alternative, to transfer to the Sixth Circuit Steven A. Bozsik's ("Petitioner") 28 U.S.C. § 2254 petition as a successive petition under 28 U.S.C. § 2244.  ECF Dkt. #27.  Petitioner opposes the motion, arguing that this Court addressed an earlier petition[1] that he filed in 2006 and did not dismiss or deny that petition with prejudice; therefore, he concludes that the 2003 petition before this Court is not successive. ECF Dkt. #39 at 11.  For the following reasons, the undersigned RECOMMENDS that the Court find that Petitioner's 2003 petition is a second or successive petition and that the Court TRANSFER the 2003 petition to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. §2244(b).  *See also* <u>Alley v. Bell</u>, 392 F.3d 822, 833 (6th Cir. 2004).

---

[1] Despite its numeric designation, Petitioner's 2006 petition is earlier than the 2003 petition before this Court because the 2003 petition was reopened after the 2006 petition was dismissed as time-barred.

## I. PROCEDURAL HISTORY

### A. State Court Proceedings

In 2000, Petitioner was tried and convicted in the Medina County Court of Common Pleas for Aggravated Murder and Murder (R.C. §2903.01(A) and R.C. §2903.02(A), respectively). *State v. Bozsik*, No. 3091-M, 2001 Ohio App. LEXIS 5852, at *1 (Ohio Ct. App. Dec. 26, 2001). The trial court merged the two counts and sentenced Petitioner to life in prison with the possibility of parole after twenty-three years. *Id*. at *2. Petitioner appealed to the Court of Appeals of Ohio, Ninth Appellate District, Medina County. *Id*. On December 26, 2001, the Ninth District Court of Appeals affirmed Petitioner's conviction and sentence. *Id*. Petitioner appealed to the Supreme Court of Ohio. *State v. Bozsik*, 766 N.E.2d 1002 (Ohio 2002). On May 1, 2002, the Supreme Court of Ohio denied Petitioner's appeal. *Id*.

On January 7, 2003, Petitioner filed a motion with the Medina County Court of Common Pleas for leave to file a motion for new trial pursuant to Ohio Rule of Criminal Procedure 33. *State v. Bozsik*, No. 03CA0017-M, 2003 Ohio App. LEXIS 3500, at *2 (Ohio Ct. App. July 23, 2003). The trial court denied the motion. *Id*. Petitioner appealed the trial court's denial of the motion for a new trial to the Court of Appeals of Ohio, Ninth District. *Id*. On July 23, 2003, the Court of Appeals affirmed the trial court's judgment. *Id*. at 2-5.

### B. Petition For Writ of Habeas Corpus – 2003

On July 28, 2003,[2] Petitioner filed a *pro se* petition for a writ of habeas corpus ("2003 petition"), pursuant to 28 U.S.C. § 2254, in the United States District Court for the Northern

---

[2] *See Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities).

District of Ohio. ECF Dkt. #1.  In the 2003 petition, Case Number 03-1625, Petitioner challenged his 2000 murder conviction, raising the following five grounds of relief:

> **Ground One**:  Conviction was obtained by biased jury denying the trial court's instructions prior to deliberations.
>
> **Ground Two**:  Conviction was obtained without the trial court instructing the jury of the lesser-included offense of manslaughter considering the State presented evidence supporting the offense.
>
> **Ground Three**:  Conviction was obtained by the trial court violating Petitioner's due process admitting improper evidence.
>
> **Ground Four**:  Conviction was obtained in violation of discovery and Crim. R. 16.
>
> **Ground Five**:  Conviction was obtained in violation of Petitioner's Sixth Amendment rights to effective assistance of counsel.

*Id*.

On September 23, 2003, Chief Judge Paul R. Matia dismissed the 2003 petition without prejudice, finding that Petitioner had not yet fully exhausted his state court remedies and dismissal of the entire petition was required under *Rose v. Lundy*, 455 U.S. 509 (1982) (holding that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").  ECF Dkt. #5.

### C. Petition For Writ of Habeas Corpus – 2006

On April 5, 2006[3], Petitioner filed a *pro se* petition for a writ of habeas corpus ("2006 petition"), pursuant to 28 U.S.C. § 2254, in the United States District Court for the Northern District of Ohio. ECF Dkt. #1 in Case Number 1:062CV978.  In the 2006 petition, Petitioner challenged the same 2000 murder conviction that he had challenged in the 2003 petition,

---

[3] *See Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities).

asserting the following grounds for relief:

> **Ground one**: Conviction obtained by the unconstitutional failure of the prosecution to correct false and misleading testimony by State Witnesses even after the defendant impeached the state witness testimony which included the Lead Investigation Officer of the case.
>
> **Ground two**: Conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
>
> **Ground three**: Conviction was obtained by the unconstitutional failure of the prosecution and trial judge to protect the integrity of the trial court holding ex parte discussion when the investigation files were turned over to the trial judge without defense counsel present.
>
> **Ground four**: Conviction was obtained by the unconstitutional failure of the trial court assuring the defendant was afforded his rights to counsel without a valid waiver.
>
> **Ground five**: Defendant was denied his constitutional right to an effective appeal when the trial court and prosecuting attorney held hearings outside the record.
>
> **Ground six**: Conviction was obtained by the unconstitutional failure of the prosecuting attorney to bolster false and misleading testimony during closing to the jury.
>
> **Ground seven**: Conviction was obtained by the unconstitutional failure of the investigation officer(s) (State) to assure exculpatory evidence is not destroyed.
>
> **Ground eight**: Conviction is not supported by the sufficiency of the evidence, (actual innocence) especially after the post trial disclosed documents substantiates actual innocence of the crime.

*Id.*

On December 13, 2006, Magistrate Judge David S. Perelman issued a Report and Recommendation, concluding that the 2006 petition was untimely filed according to the one year statute of limitations period prescribed in 28 U.S.C. § 2244, and therefore recommending that it be dismissed.  ECF Dkt. #25 in Case Number 1:06 CV 978.  On January 28, 2007, the District Court adopted the magistrate judge's recommendation and dismissed the 2006 petition.  ECF

Dkt. #28 in Case Number 1:062CV978.

Petitioner filed an application for a certificate of appealability in the Sixth Circuit Court of Appeals, asserting that the 2006 petition was a continuation from the 2003 petition, and that the trial court erred in dismissing the 2003 petition instead of holding it in abeyance pursuant to *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002). ECF Dkt. #29 in Case Number 1:062CV978. On October 5, 2007, the Sixth Circuit dismissed Petitioner's appeal. ECF Dkt. #33 in Case Number 1:062CV978.

On October 26, 2007, Petitioner filed a motion for relief from final judgment pursuant to Civil Rule 60(b) with the District Court for the Northern District of Ohio. ECF Dkt. #35 in Case Number 1:062CV978. On January 11, 2008, the Court denied Petitioner's motion, leaving the dismissal of Petitioner's 2006 petition in full effect. ECF Dkt. #40 in Case Number 1:062CV978. Petitioner appealed the district court's decision to deny his motion to the Sixth Circuit, applying for a certificate of appealability, and the appellate court denied the appeal. ECF Dkt. #45 in Case Number 1:062CV978.

**D. Reinstatement of 2003 Petition**

On April 2, 2007, Petitioner filed a motion for relief from judgment pursuant to Civil Rule 60(b), requesting that the Court hold the 2003 petition in abeyance pursuant to *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002). ECD Dkt. #7. On February 5, 2008, Judge Peter C. Economus denied Petitioner's motion as moot. On July 3, 2008, Petitioner filed a motion in the District Court of the Northern District of Ohio to reinstate the 2003 petition, claiming that the court had incorrectly dismissed it in contravention of *Palmer*. ECF Dkt #9. On September 8,

2008, the Court denied Petitioner's motion because Petitioner had not exhausted state-court remedies, and instructed Petitioner to "fully exhaust his state-court remedies and then re-file his habeas petition . . . within thirty days of exhaustion." ECF Dkt. #10 at 15.

On November 5, 2008, Petitioner filed a motion to reinstate the 2003 petition, in which he claimed to be in a "procedural quagmire" because the state courts would not allow him to exhaust his claims. ECF Dkt. #11. Petitioner also filed a motion to amend the 2003 petition. ECF Dkt. #12. On December 16, 2008, the court granted Petitioner's motion to reopen the 2003 petition, and his motion to amend the 2003 petition. ECF Dkt. #15. On March 5, 2009, Petitioner filed an amended petition, asserting the following ten grounds for relief:

> **Ground One**: The conviction was obtained with the admission of improper evidence.
>
> **Ground Two**: The conviction was obtained when the Petitioner was denied discovery concerning another suspect.
>
> **Ground Three**: The conviction was obtained through the denial of counsel violating the Petitioner's due process and guaranteed right to counsel in the Sixth and Fourteenth Amendment of the United States Constitution.
>
> **Ground Four**: The conviction was obtained through the ineffective assistance of counsel violating the Petitioner's due process and guaranteed right to counsel in the Sixth and Fourteenth Amendments of the United States Constitution.
>
> **Ground Five**: The conviction was obtained by the prosecuting attorney's failure to protect the Petitioner's due process and all constitutional rights.
>
> **Ground Six**: The conviction was obtained with the denial of due process prohibiting the Petitioner his right to be present at all critical stages in the proceedings.
>
> **Ground Seven**: The conviction was obtained with a biased trial judge confirmed by the trial judge's sua sponte disqualification order post trial.
>
> **Ground Eight**: The Petitioner was denied due process from cumulative constitutional errors.

>**Ground Nine**: The Petitioner was denied the right to appeal his post trial litigation with the trial court.
>
>**Ground Ten**: Sufficiency of the evidence does not support the conviction.

ECF Dkt. #26. On April 6, 2009 Respondent filed the instant motion to dismiss, or in the alternative, to transfer to the Sixth Circuit, asserting that this reopened and amended petition is successive. ECF Dkt. #27. Petitioner responded with an objection to Respondent's motion, and a response in opposition to Respondent's motion, arguing that the 2003 petition is not a second or successive petition. ECF Dkt. #29, 39.

For the following reasons, the undersigned recommends that the Court GRANT Respondent's motion, find that Petitioner's 2003 federal habeas corpus petition is a second or successive petition and transfer the petition to the Sixth Circuit Court of Appeals for further proceedings. ECF Dkt. #27.

## II.    STANDARD OF REVIEW

"Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court is without jurisdiction over a second or successive petition for habeas corpus in the absence of an order from the court of appeals authorizing its filing." *Worthy v. United States,* No.: 1:98CV2631, 2005 WL 1126738, *3 (N.D.Ohio 2005), citing *Rumler v. Hemingway,* 171 F.Supp.2d 705, 711-12 (E.D.Mich.2001). The AEDPA applies to the instant federal habeas corpus action because Petitioner filed his petition on July 28, 2003, well after the April 24, 1996 enactment of the AEDPA.

Section 2244 of the AEDPA provides in its pertinent part as follows:

(b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. §2244.

AEDPA continues, stating that "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Sixth Circuit Court of Appeals has held that a district court must transfer a successive petition to the Sixth Circuit, regardless of how meritorious the district court believes the claim to be, unless the Sixth Circuit has approved the filing of the petition. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Sixth Circuit will then issue certification on a successive petition only if the petitioner establishes a prima facie showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme

Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2); *see also Brown v. United States,* No. CRIM. 2:95-CR-066(2) 2006 WL 212100, *3 (S.D.Ohio, 2006).

### III.    LAW AND ANALYSIS

Petitioner first contends that the instant petition is not successive because his 2006 petition was dismissed without prejudice.  ECF Dkt. #39 at 7-8.  Petitioner is correct that a habeas petition filed after an initial petition was dismissed without prejudice due to procedural defect is not a successive petition.  *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition").  However, he is incorrect in asserting that his 2006 petition was dismissed without prejudice because it was dismissed as time-barred.  *See Villanueva v. U.S.*, 346 F.3d 55 (2nd Cir. 2003) (holding that the dismissal of a habeas petition as untimely under AEDPA presents a "permanent and incurable" bar to federal review of the merits of the claim).

"AEDPA does not define what constitutes a 'second or successive' petition." *James v. Walsh*, 308 F.3d 162, 167 (2nd Cir. 2002).  *See also Panetti v. Quarterman*, 551 U.S. 930, 943-44 (2007).  In determining whether the 2003 petition is second or successive, the undersigned recommends that the Court follow the Second Circuit's approach, which the Sixth Circuit has applied in the past.  *Villanueva*, 346 F.3d at 59-64; *In re Cook*, 215 F.3d 616 (6th Cir. 2000).

> Our court has ruled that " to be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same conviction." *Vasquez v. Parrott*, 318 F.3d, 390 (2nd Cir. 2003).
>
> Thus, the fact that there was a disposition of a prior petition is not per se sufficient to trigger AEDPA's gatekeeping provisions. *See James*, 308 F.3d at 167-68. Rather, a § 2255 petition will not be considered second or successive unless a prior § 2255 petition was adjudicated on the merits. *Carrao v. United States*, 152 F.3d 188, 191 (2nd Cir. 1998).

*Villanueva*, 346 F.3d at 60.[4]

While the undersigned recommends that the Court adopt the Second Circuit's analytic framework, the undersigned also recommends a departure from the Second Circuit's use of the phrase "adjudication on the merits." *See Villanueva*, 346 F.3d at 61 (holding that a habeas petition "properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits."); *Bottone v. U.S.*, 350 F.3d 59, 63 (2nd Cir. 2003) ("[A] petition that has been dismissed as time-barred has been decided on the merits."); *see also Graham v. Costello*, 299 F.3d 129, 134 (2nd Cir. 2002). While the Second Circuit correctly reasoned that § 2244 requires a permanent and incurable bar to deem a subsequent petition "successive," the undersigned notes that a dismissal for a procedural bar is generally not considered to be on the merits. *See e.g., Daniels v. United States*, 532 U.S. 374, 381 (2001) ("Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to **limit access to review on the merits** of a constitutional claim.") (emphasis added). Therefore, the undersigned will use the phrase "with prejudice" in place of "adjudicated on the merits." The undersigned notes that this difference in language does not affect the applicability of

---

[4] Analysis of § 2255 is analogous to that of § 2254 and leads to the same result. *See e.g. In re Nailor*, 487 F.3d 1018 (6th Cir. 2007).

the Second Circuit's analytical framework because a petition would still only be considered successive if an earlier one were fully litigated.  Such a rule also promotes the interest of finality.  *See Panetti*, 551 U.S. at 945 ("[AEDPA]'s design is to 'further the principles of ... finality.'") (citing *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003).

This Court must therefore determine:  1) whether the Court's dismissal of the 2006 petition constitutes a dismissal with prejudice that bars further review by a district court; and if so, 2) whether the 2003 petition can be considered successive to Petitioner's 2006 petition despite it having an earlier case number.

Turning first to whether the 2006 petition was dismissed with prejudice, the undersigned notes that the Second Circuit has held that the dismissal of a habeas petition as time-barred constitutes adjudication "on the merits" for purposes of 28 U.S.C. 2244(b).  *Bottone v. U.S.*, 350 F.3d 59, 63 (2nd Cir. 2003) ("[A] petition that has been dismissed as time-barred **has been decided on the merits.**") (emphasis added).  In *Villanueva* the Second Circuit held:

> As with habeas petitions that are denied as procedurally barred . . ., the dismissal of a § 2255 petition as untimely under AEDPA presents a "permanent and incurable" bar to federal review of the merits of the claim.  The bar is permanent because, unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected.  Accordingly, we hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.

*Villanueva*, 346 F.3d at 60. Therefore, the dismissal of Petitioner's 2006 petition as time-barred constitutes a dismissal with prejudice that presents a bar to federal review of the merits.

Because dismissing an initial §2254 federal habeas corpus petition as time-barred is a dismissal with prejudice, numerous courts have held that subsequent federal habeas corpus

-11-

petitions are considered second or successive petitions. *See Bottone,* 350 F.3d at 63 (dismissing a petition as time-barred "renders any subsequent petition second or successive under AEDPA."); *see also In re Cook,* 215 F.3d 606, 607-608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205 (2nd Cir. 1998); *Wilson v. Grant*, 877 F.Supp. 380, 383 (E.D. Mich. 1995). Therefore, the Court must next determine whether the 2003 petition is "successive" to the 2006 petition as the term is interpreted under § 2244(b).

It may be counterintuitive to find a 2003 petition to be "successive" relative to a 2006 petition. The Court should nevertheless find the 2003 petition to be successive because numeric case designations are not determinative of the successive nature of a petition. *See Keith v. Bobby,* No. 1:08 CV 1687, 2009 WL 1797874 (N.D. Ohio, June 24, 2009) ("courts have held that numerically second petitions are not, pro forma, successive under that statute"); *see also Lang v. U.S.*, 474 F.3d 348, 351, n.3 (6th Cir. 2007) ("Courts have not . . . construed 'second or successive' to encompass all §2255 motions or habeas petitions that are 'numerically' second in the sense that they are literally the second motion filed.") Here, Petitioner had a petition (*i.e.*, the 2006 petition) fully litigated and dismissed with prejudice before his 2003 petition was reopened, making his 2003 petition successive.

Petitioner himself admits AEDPA's one-bite-at-the-apple limitation, contending that the statute allows every prisoner "one full opportunity" to seek review of their habeas petitions. *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2nd Cir. 2001); *see also Johnson v. U.S.*, 196 F.3d 802, 805 (7th Cir. 1999); *Buell v. Anderson*, No. 02-4033, 02-4055, 2002 WL 31119679 (6th Cir. Sept. 24, 2002). As previously discussed, the 2003 petition was dismissed without prejudice on January 28, 2007. While Petitioner was exhausting remedies in state courts, he filed another

petition challenging the same conviction. On January 28, 2007, Judge Donald Nugent denied the 2006 petition and the case was dismissed with prejudice, as discussed above. ECF Dkt. #28 on Case No. 06-978. On February 29, 2007, Petitioner extended his one full opportunity by appealing Judge Nugent's decision to the Sixth Circuit, and on October 9, 2007, the Sixth Circuit denied Petitioner's appeal. ECF Dkt. #29, 33 on Case No. 06-978. On October 26, 2007, Petitioner filed a motion for relief from judgment, and appealed Judge Nugent's denial of Petitioner's motion. ECF Dkt. #34, 41 on Case No. 06-978. Finally, on October 23, 2008, the Sixth Circuit again denied Petitioner's appeal. ECF Dkt. #45 on Case No. 06-978. At that point, Petitioner's claims had been dismissed with prejudice and his opportunity was completed. Therefore, by the time this Court reinstated the 2003 petition on December 16, 2008, the 2006 petition had been dismissed with prejudice, making the 2003 petition successive.

The expiration of a petitioner's "one full opportunity" for review, however, does not completely foreclose him from seeking relief. "In [the Sixth Circuit], the usual course of action when a petitioner improperly files a successive habeas petition with the district court is to transfer the filing to a panel of [the Court of Appeals] to apply the gatekeeping criteria of §2244(b) to it." *Alley v. Bell*, 392 F.3d 822, 833 (6th Cir. 2004). Therefore, the undersigned recommends that the Court transfer the 2003 petition to the Sixth Circuit for further proceedings.

## IV.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court find Petitioner's 2003 federal habeas corpus petition to be a "second or successive application" under 28 U.S.C. § 2244. Accordingly the undersigned recommends that the Court direct the Clerk of

Courts to TRANSFER the 2003 petition to the United States Court of Appeals for the Sixth Circuit.

Dated: August 11, 2009                                                  */s/George J. Limb ert*
                                                                              GEORGE J. LIMBERT
                                                                              U.S. MAGISTRATE JUDGE


 ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).