# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **STEVEN BOZSIK,** | ) | **CASE NO.  1:03CV1625** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MARGARET BRADSHAW, Warden,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Respondent.** | ) | |
| | ) | |

This matter is before the Court upon the Warden of Richland Correctional Institution Margaret Bradshaw's[1] ("Respondent") Motion to Dismiss, or in the alternative, to transfer to the Sixth Circuit Steven A. Bozsik's ("Petitioner") 28 U.S.C. § 2254 petition as a successive petition under 28 U.S.C. § 2244.  (Dkt. # 27).  For the following reasons, this Court adopts in part the Report and Recommendation of Magistrate Judge Limbert but denies Respondent's Motion to Dismiss Petitioner's petition.

## I. INTRODUCTION

On December 16, 2008, the instant matter was referred to Magistrate Judge George J. Limbert for general pretrial supervision and preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636 and LR 72.1.  (Dkt. # 16).  On August 11, 2009, the Magistrate Judge issued a Report and Recommendation, recommending that

---

[1] Upon Petitioner's Motion dated October 9, 2009, this Court has recognized that the Warden at Richland Correctional Institution has changed from Mr. Stuart Hudson to Ms. Margaret Bradshaw effective October 5, 2009. The caption has been updated to reflect that change.

this Court find that the instant petition is a second or successive petition and that the Court transfer the petition to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b).  (Dkt. # 41).  Petitioner has timely filed objections to the Magistrate Judge's Report and Recommendation.  (Dkt. # 43).

## II. BACKGROUND

### A. State Court Proceedings

In 2000, Petitioner was tried and convicted in the Medina County Court of Common Pleas for aggravated murder and murder (O.R.C. §2903.01(A) and O.R.C. §2903.02(A), respectively).  (Dkt. # 41 at 2).   The trial court sentenced Petitioner to life in prison with the possibility of parole after twenty-three years.  (Dkt. # 41 at 2).  On December 26, 2001, the Ninth District Court of Appeals affirmed Petitioner's conviction and sentence.  (Dkt. # 41 at 2).  On May 1, 2002, the Supreme Court of Ohio denied Petitioner's appeal.  (Dkt. # 41 at 2).

Petitioner's first state post conviction motion was filed on January 7, 2003, when he sought leave to file a motion for new trial pursuant to Ohio Rule of Criminal Procedure 33.  (Dkt. # 41 at 2).  The trial court denied the motion, and on July 23, 2003, the Court of Appeals affirmed the trial court's judgment.  (Dkt. # 41 at 2).

On July 3, 2003, while his motion for a new trial was pending, Petitioner also filed a petition to vacate or set aside his sentence in state court.  (Case No. 1:06CV00978, Dkt. # 25 at 3).   The trial court granted the state's motion for summary judgment on November 14, 2003.  (Case No. 1:06CV00978, Dkt. # 25 at 3).  Petitioner then appealed that decision to the Ninth Appellate District Court of Appeals for Summit County, Ohio,

which dismissed his appeal for failure to comply with the local rules.  Petitioner filed a motion for reconsideration which was denied by the Ohio appellate court on April 23, 2004.  On August 4, 2004, the Ohio Supreme Court declined jurisdiction to hear Petitioner's case. (Case No. 1:06CV00978, Dkt. # 25 at 4-5).

During the pendency of his motion to vacate his sentence, Petitioner filed a motion for contempt of court against the State of Ohio Counsel and Witnesses on November 21, 2003.  (Case No. 1:06CV00978, Dkt. # 25 at 5).  On November 28, 2003, after the trial court denied his motion, Petitioner appealed to the Ninth Appellate District Court of Appeals for Summit County, Ohio, which affirmed the judgment of the trial court. Petitioner then filed a motion for reconsideration and a motion for the Ninth District court to certify the record to the Ohio Supreme Court.  The appellate court denied Petitioner's motions on October 18, 2004.  (Case No. 1:06CV00978, Dkt. # 25 at 6).  The Ohio Supreme Court declined jurisdiction to hear Petitioner's case on February 5, 2005. (Case No. 1:06CV00978, Dkt. # 25 at 7).

### B. Federal Habeas Proceedings

Petitioner filed his first federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("2003 petition") on July 28, 2003.  (Dkt. # 1).  He raised the following five grounds for relief:

> **Ground One**: Conviction was obtained by biased jury denying the trial court's instructions prior to deliberations.
>
> **Ground Two**: Conviction was obtained without the trial court instructing the jury of the lesser-included offense of manslaughter considering the State presented evidence supporting the offense.

**Ground Three**: Conviction was obtained by the trial court violating Petitioner's due process admitting improper evidence.

**Ground Four**: Conviction was obtained in violation of discovery and Crim. R. 16.

**Ground Five**: Conviction was obtained in violation of Petitioner's Sixth Amendment rights to effective assistance of counsel.

(Dkt. # 41 at 3).

Petitioner's 2003 petition was dismissed on September 23, 2003, for failure to exhaust state remedies.  (Dkt. # 5).

After the decision in the 2003 petition became final, Petitioner filed a second habeas petition on April 5, 2006 ("2006 petition").  (Case No. 1:06CV00978, Dkt. # 1). On January 28, 2007, the district court dismissed Petitioner's 2006 petition as being untimely because it was filed after the one year statute of limitations had expired.  (Case No. 1:06CV00978, Dkt. # 27, 28).  Petitioner appealed to the Sixth Circuit Court of Appeals, but a certificate of appealability was denied on October 9, 2007.  (Case No. 1:06CV00978, Dkt. # 33).

Having exhausted his direct appeals, Petitioner then filed a motion for relief from final judgment in the district court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on October 26, 2007.  (Case No. 1:06CV00978, Dkt. # 35).  After the district court denied his Rule 60(b) motion, Petitioner appealed to the Sixth Circuit Court of Appeals, which denied Petitioner a certificate of appealability on October 23, 2008. (Case No. 1:06CV00978, Dkt. # 45).

4

After the district court's denial of his 2006 petition, Petitioner attempted to reinstate his 2003 petition by filing a Rule 60(b) motion on April 2, 2007, (Dkt. # 7), a motion to reinstate on July 3, 2008, (Dkt. # 9), and another motion to reinstate on November 5, 2008, (Dkt. # 11).  On December 16, 2008, the district court granted Petitioner's motion to reopen his 2003 petition and also granted him leave to amend the petition.  (Dkt. # 15).  Petitioner's amended petition, filed on March 5, 2009, asserts ten grounds for relief:

**Ground One**: The conviction was obtained with the admission of improper evidence.

**Ground Two**: The conviction was obtained when the Petitioner was denied discovery concerning another suspect.

**Ground Three**: The conviction was obtained through the denial of counsel violating the Petitioner's due process and guaranteed right to counsel in the Sixth and Fourteenth Amendment of the United States Constitution.

**Ground Four**: The conviction was obtained through the ineffective assistance of counsel violating the Petitioner's due process and guaranteed right to counsel in the Sixth and Fourteenth Amendments of the United States Constitution.

**Ground Five**: The conviction was obtained by the prosecuting attorney's failure to protect the Petitioner's due process and all constitutional rights.

**Ground Six**: The conviction was obtained with the denial of due process prohibiting the Petitioner his right to be present at all critical stages in the proceedings.

**Ground Seven**: The conviction was obtained with a biased trial judge confirmed by the trial judge's sua sponte disqualification order post trial.

**Ground Eight**: The Petitioner was denied due process from cumulative constitutional errors.

**Ground Nine**: The Petitioner was denied the right to appeal his post trial litigation with the trial court.

**Ground Ten**: Sufficiency of the evidence does not support the conviction.

(Dkt. #26).

On April 6, 2009, Respondent filed the instant Motion to Dismiss, or in the alternative, to transfer to the Sixth Circuit Petitioner's 2003 petition as a successive petition under § 2244. (Dkt. # 27).

**III. LAW AND ANALYSIS**

The Magistrate Judge recommends that this Court grant Respondent's Motion to Dismiss Petitioner's reinstated 2003 habeas petition as being second or successive to Petitioner's 2006 habeas petition under 28 U.S.C. § 2244(b). The Antiterrorism and Effective Death Penalty Act ("AEDPA") generally bars second or successive habeas petitions, unless the applicant can show either: (A) that the claim relies on a new rule of constitutional law made retroactive that was previously unavailable, or (B) that the factual predicate of the claim could not have been discovered previously and that the facts would be sufficient to establish by clear and convincing evidence that the applicant was not guilty of the underlying offense. 28 U.S.C. §2244(b). The bar against second or successive petitions is designed to limit each prisoner to "one full opportunity" to seek habeas corpus review in federal court. Johnson v. United States, 196 F.3d 802, 805 (7th Cir. 1999).

The Magistrate Judge found that Petitioner's 2006 petition was dismissed with prejudice, which constituted a decision on the merits. (Dkt. # 41 at 11). As the 2003

6

petition was reinstated after the 2006 petition had come to a final judgment, (Dkt. # 41 at 12), the 2003 petition is, according to the Magistrate Judge, successive to the 2006 petition.

AEDPA does not define the phrase "second or successive." However, § 2244 replaced the "abuse of the writ" doctrine, and thus, courts often "answer the question of whether a petition is second or successive with reference to the equitable principles" underlying that doctrine. Muniz v. United States, 236 F.3d 122, 127 (2d Cir. 2001). Therefore, a petition which is filed subsequent to an earlier petition should be considered successive when it "raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." In re Bowen, 436 F.3d 699, 704 (6th Cir. 2000).

However, the bar against second or successive petitions is not an absolute bar against filing a second habeas petition when a previous petition has been filed, as "not every numerically second petition is 'second or successive' for purposes of the AEDPA." In re Bowen, 436 F.3d at 704 (quoting Slack v. McDaniel, 529 U.S. 473, 486 (2000)). Nevertheless, in some cases, additional filings in a first collateral attack can be construed as a successive petition. Johnson, 196 F.3d at 805. See also Gonzales v. Crosby, 545 U.S. 524, 531-32 (2005) (holding that a Rule 60(b) motion challenging the dismissal of a habeas petition can itself qualify as a successive habeas petition). Therefore, a petition is only second or successive when: (1) there has been a judgment on the merits in the first petition, (2) the first petition's judgment is final, and (3) the petition is filed subsequent to another habeas petition. See Generally Ching v. United States, 298 F.3d 174 (2d Cir.

2002); In re Cook, 215 F.3d 606 (6th Cir. 2000).  In the instant matter, because Petitioner's 2003 petition was reinstated after the 2006 case had been litigated, the 2006 petition is the "first" petition in the "second or successive" analysis.

### 1)  On the Merits

The Magistrate Judge found that Petitioner's 2006 petition was decided on the merits because it was dismissed for procedural default.  This Court agrees and adopts this section of the Magistrate Judge's analysis.

It is well settled that "a habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a 'second or successive' petition as that term is understood in the habeas corpus context." Slack v. McDaniel, 529 U.S. 472, 478 (2000); see also Norris v. Konteh, 67 F. Supp. 2d 833, 836 (N.D. Ohio 1999).  This is true even if the "second" petition includes new claims that were not presented in the "first" petition.  Carlson v. Pitcher, 137 F.3d 416, 420 (6th Cir. 1998).  On the other hand, when a petition is dismissed on the basis of procedural default, the dismissal is considered on the merits for purposes of AEDPA.  In re Cook, 215 F.3d 606, 608 (6th Cir. 2000).  See also Carter v. United States, 150 F.3d 202, 205 (2d. Cir. 1998) (agreeing with the Fifth, Eighth, Ninth, and Tenth Circuits that a dismissal for procedural default qualifies as a decision on the merits).  Thus, a second petition which is filed after a previous petition was dismissed for procedural default must be deemed a second or successive petition for purposes of § 2244 and, thus, transferred to the Circuit Court.

8

In the instant matter, the 2006 petition, the "first" petition, was dismissed for being time-barred. (Dkt. # 41 at 11). A petition which is time-barred is a type of procedural default, and is thus a decision on the merits with prejudice. In re Cook, 215 F.3d 606, 608 (6th Cir. 2000) (holding that "where statute of limitations has run," second petition is successive and must be authorized by the Sixth Circuit). Therefore, the Magistrate Judge was correct to conclude that the 2006 petition was dismissed on the merits.

Petitioner argues in his third objection that the 2006 petition's dismissal was not on the merits because the district court erroneously denied the 2006 habeas petition as being untimely. In Villanueva v. United States, 346 F.3d 55, 60 (2d Cir. 2003), the court held that a petition that is "erroneously dismissed as untimely" should not be considered a dismissal on the merits for successive purposes. Id. However, in the instant case, Petitioner is incorrect that the petition was erroneously dismissed.

Title 28 U.S.C. § 2244(d) contains a one year statute of limitations for filing federal habeas petitions. The limitations period begins to run when the petitioner's direct appeals have concluded, or the time for seeking such review has expired. 28 U.S.C § 2244(d); Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000). This includes the time during which the petitioner could have sought review from the United States Supreme Court. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Isham v. Randle, 226 F.3d 691, 694-95 (6th Cir. 2000). The statute of limitations period is then tolled during state post conviction review. Cowherd v. Million, 380 F.3d 909, 912-14 (6th Cir. 2004). However, unlike on direct appeal, state post conviction review does *not* include the period during which the Petitioner could have sought review from the United States

9

Supreme Court.  <u>Lawrence v. Florida</u>, 549 U.S. 327, 332 (2007) (holding that "§ 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari").  Therefore, in order to be timely, a federal habeas petition must be filed within one year after the Supreme Court denies certiorari or the time for filing a petition for certiorari has expired, excepting the time state post conviction review was pending.

Petitioner's conviction became final on May 1, 2002, when the Ohio Supreme Court denied Petitioner leave to appeal.  AEDPA's § 2244(d) statute of limitations began running 90 days after, on July 31, 2002, at the expiration of Petitioner's certiorari period.  Therefore, Petitioner had one year from that date, i.e. until July 31, 2003, to file his federal 28 U.S.C. § 2254 petition.  Petitioner filed his first motion for state post conviction review on January 7, 2003, thus tolling the statute of limitations after 159 days had run off the clock.  Petitioner then filed a series of state post conviction motions which overlapped in time.  However, under even the most generous view of state post conviction tolling, Petitioner's statute of limitations was tolled from January 7, 2003, until February 2, 2005, when the Ohio Supreme Court declined jurisdiction to hear Petitioner's final appeal.  Thus, the statute of limitations began running again on February 5, 2005.  Petitioner then filed his 2006 federal habeas petition on April 5, 2006, which is more than 206 days after February 2, 2005.  Petitioner's 2006 habeas petition was, therefore, untimely, and the district court properly dismissed the 2006 petition as being time-barred.  Because the habeas petition was not erroneously dismissed as untimely, the 2006 petition was properly dismissed on the merits.  Therefore, this Court adopts the Magistrate Judge's analysis and Petitioner's objection is overruled.

**2) Final Judgment**

Petitioner's next objection is that the Magistrate Judge used the wrong finality date for purposes of calculating whether the 2006 petition was a final judgment. The Magistrate Judge notes that on October 23, 2008, the Sixth Circuit denied Petitioner a certificate of appealability from the district court's denial of Petitioner's 60(b) motion for relief from the dismissal of Petitioner's 2006 § 2254 petition. The Magistrate Judge then states, "*[a]t that point*, Petitioner's claims had been dismissed with prejudice, making the 2003 petition successive." (Dkt. # 41 at 13) (emphasis added). Petitioner's argument is that he had 90 days from the Sixth Circuit's denial of his certificate of appealability to apply for a writ of certiorari from the United States Supreme Court. Thus, the 90 day period, until January 21, 2009, should have been included in the Magistrate Judge's calculation in determining whether the 2006 petition had reached a final judgment when the 2003 petition was reopened. See Clay v. United States, 537 U.S. 522, 527 (2003); Caspari v. Bohlen, 510 U.S. 383, 390 (1994).

This Court declines to adopt Petitioner's January 21, 2009, finality date, but also declines to adopt the finality date of the Magistrate Judge. Petitioner's Rule 60(b) motion does not delay the finality date of the original 2006 habeas petition. Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008) (holding that "a Rule 60(b) motion . . . does not prevent a judgment from becoming final"). If the Rule 60(b) motion itself does not affect the finality date, the certiorari period after a 60(b) dismissal is likewise not included in determining when the 2006 petition judgment became final. Therefore, Petitioner's 2006 habeas petition was final on January 6, 2008, when the certiorari period ended after the

11

Sixth Circuit denied Petitioner's direct appeal, and is not affected by Petitioner's filing a Rule 60(b) motion.

Additionally, courts have previously rejected attempts such as Petitioner's to use Rule 60(b) motions to avoid AEDPA's restrictions.  United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (recharacterizing a Rule 60(b) motion as a habeas petition to prevent the circumvention of the AEDPA); Pridgen v. Shannon, 380 F.3d 721, 725 (11th Cir. 2004) (rejecting a Rule 60(b) motion because it would invite prisoners to use Rule 60(b) to "evad[e] the limitations that Congress set forth in AEDPA").  Accepting Petitioner's argument would undermine the purposes of finality in AEDPA because it would allow Petitioner to endlessly delay final judgment by filing repeated Rule 60(b) motions.  Because the 2006 petition was final before December 16, 2008, and because the interests of AEDPA are not served by Petitioner's argument, Petitioner's objection to the Magistrate Judge's finality date is overruled.

However, even if this Court were to accept Petitioner's January 21, 2009, finality date, Petitioner's next objection would still fail.  Petitioner argues that if his 2006 petition was still pending when this Court reinstated his 2003 petition, it should be treated as a motion to amend the 2006 petition rather than as a successive petition. While a new habeas petition will sometimes be construed as a motion to amend an earlier petition, it cannot be so construed in this case, and Petitioner's objection is therefore overruled.

It is clear that a motion to amend a habeas petition is not itself a second or successive petition. Johnson v. United States, 196 F.3d 802, 804 (7th Cir. 1999); Littlejohn v. Artuz, 271 F.3d 360, 362 (2d Cir. 2001) (holding that "motions to amend a

12

habeas petition should not be construed as second or successive petitions").  Additionally, several circuits have held that a second habeas petition should be treated as a motion to amend the original petition rather than a second or successive petition if it is filed while another habeas petition is pending.  See Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002).  Under Ching, a petition is not second or successive unless it is "filed subsequent to the conclusion of 'a proceeding' that 'counts' as the first.  A petition that has reached *final* decision counts for this purpose."  Id. (emphasis in original).

One case interpreted Ching to mean that a petition filed while "appellate proceedings following the district court's dismissal of the initial petition remain pending" can also be treated as a motion to amend.  Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005).  However, no other circuit has adopted such a liberal view of Ching as to include appellate proceedings in considering whether a prior habeas petition is pending.  See Beaty v. Schriro, 554 F.3d 780, 783 n.1 (9th Cir. 2009) (holding that petitioner may not amend after the district court had ruled and proceedings had begun in the Circuit Court); Ochoa v. Sirmons, 485 F.3d 538, 540 (10th Cir. 2007) (declining to follow Whab after finding that "[n]o other circuit has followed" it); United States v. Terrell, 141 Fed. Appx. 849, 852 (11th Cir. 2005) (finding petition to be successive rather than an amendment because "there was no pending §2255 motion *in the district court*) (emphasis added).

The precise finality date is irrelevant because regardless of which finality date this Court uses, Petitioner's argument that his reinstated 2003 habeas petition should be treated as a motion to amend his 2006 petition must fail for two reasons.  First, there is no

13

support for Petitioner's argument that he may amend his 2006 petition simply because a collateral Rule 60(b) motion challenging its dismissal is pending.  This argument is not supported by either Ching or Whab, which were both situations where an actual habeas petition was pending when a subsequent petition was filed.  In the instant matter, Petitioner's 2006 habeas petition was not pending in any court on December 16, 2008, when his 2003 petition was reinstated; rather, it was a Rule 60(b) motion that was pending.  Since there was no pending habeas petition, there was nothing to which Petitioner's amendment could attach.  Second, with the exception of Whab, one seemingly anomalous case in the Second Circuit, no court has adopted the view that a newly filed habeas petition may be treated as a motion to amend another habeas petition that is pending not in the district court, but in the appellate court.  Therefore, even if we use January 21, 2009, as the finality date, the 2006 petition was not pending before the district court; rather a Rule 60(b) motion was pending at the appellate level.  Petitioner's reinstated 2003 amendment cannot be construed to be an amendment of the 2006 petition, and his objection must therefore be overruled.

### 3) Filed Subsequent

Because the 2006 petition was a final judgment on the merits, the question becomes whether the reinstated 2003 petition was filed subsequent to another habeas petition.  For the following reasons, the Court finds that it was not.

The Magistrate Judge found that the 2003 petition was successive to the 2006 petition despite it having an earlier case number because the 2006 petition had been fully litigated by the time the 2003 petition was reinstated.  All of Petitioner's objections are an

14

attempt to compel this Court to construe his reinstated 2003 petition as an amendment to his 2006 petition.  Petitioner's objections are not necessary, however, because this Court disagrees that the 2003 petition can be deemed to have been filed subsequent to the 2006 petition despite it having an earlier case number.

The Magistrate Judge observed that "numeric case designations are not determinative of the successive nature of a petition."  (Dkt. # 41 at 12) (citing Lang v. United States, 474 F.3d 348, 351 (6th Cir. 2007) (holding that second or successive petitions do not encompass all petitions that are numerically second)).  The Magistrate Judge is correct that numeric case designations are not determinative of the successive nature of a petition, but Lang is inapposite to the situation in this case.  In Lang, the court decided that a numerically second petition was *not* a successive petition, but the case does not stand for the proposition that numerically *first* petitions *can* be successive.

On December 16, 2008, this Court granted Petitioner's motion to reopen his 2003 habeas petition and granted him leave to amend the 2003 petition. (Dkt. #15).  By vacating the dismissal of the original 2003 petition, this Court effectively converted the dismissal of the 2003 petition into a stay.  Newell v. Hanks, 283 F.3d 827, 834 (7th Cir. 2002).  Therefore, Petitioner's current amended petition is an amendment of his 2003 petition, which had been dismissed for failure to exhaust state remedies, *not* the 2006 petition which had been dismissed on the merits.

It is well established that the Federal Rules of Civil Procedure apply to habeas corpus proceedings to the extent they are not inconsistent with the statutory mandates of AEDPA.  Mayle v. Felix, 545 U.S. 644, 654 (2005).  This includes Rule 15 of the Federal

15

Rules of Civil Procedure, which allows for amendments with the court's leave, and grants that "the court should freely give leave when justice so requires."  Fed. R. Civ. Pro. 15(a)(2).  However, once the statute of limitations has expired, a petitioner may only amend his original complaint if the amendment relates back to the date of the original filing of the petition.

An amendment will relate back to the original petition if it arises out of the same "conduct, transaction, or occurrence" as the original petition.  Fed. R. Civ. Pro. 15(c). See also Miller v. American Heavy Lift Shipping, 231 F.3d 242, 248 (6th Cir. 2000).  If the amendment does relate back, the petitioner may also include new claims based on the same injury.  Laney Brentwood Homes v. Town of Collierville, 144 Fed. Appx. 506, 510 (6th Cir. 2005); Miller, 231 F.3d at 248 (finding that "a court will permit a party to add even a new legal theory in an amended pleading as long as it arises out of the same transaction or occurrence"); Hageman v. Signal L.P. Gas, 486 F.2d 479, 483 (6th Cir. 1973) (an amendment which adds another claim . . . does relate back to the date of the original complaint).

In 2005, the Supreme Court made clear that Rule 15(c) does apply in the habeas context, and that motions to amend habeas petitions may be filed after the statute of limitations has run if they arise from the same transaction or occurrence.  Mayle, 545 U.S. at 655.  However, the Supreme Court also cautioned that Rule 15(c) "relaxes, but does not obliterate" AEDPA's statute of limitations and therefore, same "conduct, transaction, or occurrence" cannot simply mean same "trial, conviction or sentence," Id. at 659, 664; Hebner v. McGrath, 543 F.3d 1133, 1134 (9th Cir. 2008).

16

Instead, the newly added claims must share a factual predicate with the claims in the original petition.  See Mayle, 545 U.S. at 659 (requiring a "common core of operative facts"); Eller v. Bock, 422 F. Supp. 2d 813, 816 (E.D. Mich. 2006) (same).  See also Wiedbrauk v. Lavigne, 174 Fed. Appx. 993, 1002 (6th Cir. 2006) (holding that amendments must have the same "essential predicate").  Put simply, the new claim must not "differ in both time and type from those the original pleading set forth."  Howard v. United States, 533 F.3d 472, 475-76 (6th Cir. 2008).  See also Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003) (finding amendment cannot rest on a totally different legal theory and factual basis); Brown v. Donelly, 258 F. Supp. 2d 178, 184 (E.D.N.Y. 2003) (same).

Petitioner has already been granted leave to amend his 2003 petition.  However, since his amended petition was filed after the statute of limitations expired, only those claims which relate back to the original date of filing may be heard on the merits.  The five grounds listed in Petitioner's original 2003 petition are unquestionably timely.  The additional five grounds added to Petitioner's amended petition will only survive if it is determined that they relate back to the original filing date of July 28, 2003.  Therefore, the Magistrate Judge must determine whether those claims have a common core of operative facts with the five grounds listed in the original petition.  If so, they may also be heard on the merits.  Otherwise those claims must be dismissed as untimely.

## IV. CONCLUSION

The Magistrate Judge recommends granting Respondent's Motion to Dismiss the 2003 petition as being second or successive to the later filed 2006 petition.  This Court

17

adopts the Magistrate Judge's analysis of whether the 2006 petition had been dismissed on the merits, but does not adopt the Magistrate Judge's finality date.  Additionally, because the 2006 petition was not filed subsequent to the 2003 petition, the 2003 petition cannot be declared second or successive.  Therefore, the 2003 petition is not an amendment of the 2006 petition, is not successive to the 2006 petition, and does not need to be transferred to the Sixth Circuit.

The Court has reviewed the Report and Recommendation of the Magistrate Judge *de novo*.  For all of the forgoing reasons, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the Magistrate Judge's Report and Recommendation.  (Dkt. # 41).  Respondent's Motion to Dismiss Petitioner's habeas corpus petition is **DENIED**.  (Dkt. # 27).  The case is hereby **REMANDED** to the Magistrate Judge: (1) to determine which of Petitioner's claims relate back to the filing of his original 2003 habeas petition, and (2) for a determination on the merits of Petitioner's timely claims.  Furthermore, Petitioner's motion for leave to correct the caption is **GRANTED**.

**IT IS SO ORDERED**.

**/s/ Peter C. Economus – October 14, 2009**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**

18