UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN A. BOZSIK, | ) | CASE NO. 1:03CV1625 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| MARGARET BRADSHAW, Warden,[1] | ) | **Interim Report and Recommendation** |
| | ) | **[Re: ECF Dkt. ##79, 85, 86, 87]** |
| RESPONDENTS. | ) | |
| | ) | |

The above-captioned case involves petitions for habeas corpus filed by Petitioner Steven Bozsik ("Petitioner"). ECF Dkt. #1, ECF Dkt. #12, Attach.2, ECF Dkt. #26[2]. The matter has been referred to the undersigned for the preparation of a report and recommendation regarding several outstanding motions (ECF Dkt. ## 79, 85, 86, 87). ECF Dkt. #88. The undersigned has previously issued a report and recommendation addressing the petition. ECF Dkt #66. That report and recommendation also ruled upon several pending motions. Therefore, the identical document was also docketed as an order. ECF Dkt. #67.

**I.    SYNOPSIS OF THE REPORT AND RECOMMENDATION (ECF DKT. #66)**

The undersigned does not intend to duplicate or replace any analysis set forth in the June 4, 2010 report and recommendation. However, a brief discussion of the report and recommendation

---

[1]   The undersigned notes that the Petition named Margaret Bradshaw as Respondent. ECF Dkt. #1. Further, the Ohio Department of Rehabilitation and Correction Offender Search website indicates that Petitioner is now housed at Richland Correctional Institution. *See* http://www.drc.ohio.gov/OffenderSearch/Search.aspx (*search for* Steven Bozsik) (*last visited* Mar. 15, 2011). The Warden at Richland Correctional Institution is Maggie Bradshaw. *See* http://www.drc.ohio.gov/web/InstAddr.htm (*last visited* Dec. 15, 2011). "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . ." *Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004). Therefore, the docket should reflect that Maggie Bradshaw is the Respondent and the other wardens should be terminated as parties.

[2]   The petition before the court is the Second Amended Petition. ECF Dkt. #26.

will be helpful in addressing the motions currently pending before the Court. The following synopsis is *not* offered as new or additional analysis pertaining to the petition. It is offered *only* as background information to assist the Court in adjudicating the pending motions.

It is sufficient to say that the procedural history of this case is lengthy and complex. The undersigned found the procedural history pertaining to Petitioner's 28U.S.C. § 2254 litigation to be most relevant in addressing the petition. *See* ECF Dkt. #66 at 45-58. Petitioner originally filed a petition in 2003, which was assigned to U.S. District Judge Paul R. Matia. ECF Dkt. #66 at 9 citing ECF Dkt. #1. Judge Matia dismissed the petition without prejudice for raising issues that were not fully exhausted. *Id*. at 10 citing ECF Dkt. #5, 6. In 2006, Petitioner filed another petition, which was assigned to U.S. District Judge Donald C. Nugent. *Id*. at 15 citing ECF Dkt. #48, Ex. 56. Judge Nugent dismissed the 2006 petition as untimely. *Id*. In 2008, Petitioner filed a motion to reinstate his 2003 petition. *Id*. at 16 citing ECF Dkt. #48, Ex. 58. The motion was assigned to U.S. District Judge Peter C. Economus. *Id*. Initially, Judge Economus denied Petitioner's motion, reasoning that Petitioner had not yet exhausted his state court remedies. *Id*. citing ECF. Dkt. #10. Petitioner then filed a second motion to reinstate his 2003 §2254 habeas petition, contending that he was unable to exhaust his constitutional claims because he was in a "procedural quagmire" as a result of orders issued by the Ohio state courts declaring him to be a vexatious litigator. *Id*. citing ECF Dkt. #11. Judge Economus granted petitioner's motion to reopen the 2003 petition, finding that Judge Curran's order declaring Petitioner to be a vexatious litigator "effectively prohibited Bozsik from seeking any further relief in state court. . . And . . . requiring Bozsik to further pursue state-court remedies 'would be an exercise in futility.' " *Id*. at 17 citing ECF Dkt. #15 at 4 quoting *Lucas v. Michigan*, 420 F.2d 259, 262 (6th Cir. 1970). On leave of court, Petitioner then amended his 2003 petition twice. ECF Dkt. #12, Attach.2, ECF Dkt. #26.

In the June 4, 2010 report and recommendation, the undersigned recommended that the Court reconsider its order granting Petitioner's motion to reopen the 2003 petition. ECF Dkt. #66 at 45 citing ECF Dkt. #15. In determining whether equitable tolling should apply to Petitioner's case, the undersigned first determined what claims were unexhausted when Judge Matia dismissed the case. ECF Dkt. #66 at 45-50. The undersigned compared the original 2003 petition to a then-pending state

court petition to vacate (ECF Dkt. #48, Ex. 18) and determined that at least one claim in the federal petition was pending when Judge Matia dismissed the case. ECF Dkt. #66 at 45-50. Thus, the undersigned concluded that Judge Matia was required to dismiss the 2003 petition as unexhausted pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982) (mandating dismissal of "mixed petitions" at the time of Judge Matia's decision). ECF Dkt. #66 at 50; *See also*, *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005) (later abrogating *Rose*'s mandatory dismissal rule).

The undersigned then observed that Petitioner would be entitled to mandatory equitable tolling if he promptly returned to state court within 30 days of the federal court's dismissal and returned to federal court within 30 days of exhausting state court remedies (the "*Palmer* rule"). *Griffin v. Rogers*, 399 F.3d 626, 361 (6th Cir. 2005). The undersigned questioned whether Petitioner properly returned to state court within 30 days of Judge Matia's dismissal:

> In this case, Petitioner failed to comply with the appellate court's clear deadline, and the court dismissed his appeal. ECF Dkt. #48, Ex. 23-29. Petitioner's failure to comply with the deadline could be construed as a failure to promptly return to the state court because he did not properly present his constitutional claims. Nevertheless, Petitioner appealed the appellate court's dismissal of his petition and continued to litigate the issue until the Supreme Court of Ohio declined to exercise jurisdiction on August 4, 2004. *See* ECF Dkt. #48, Ex. 18-35. Therefore, even if Petitioner properly returned to state court following Judge Matia's dismissal, a serious question exists as to whether he promptly returned to federal court upon exhausting his state court remedies.

ECF Dkt. #66 at 51. The undersigned alternatively recommended that the Court find that Petitioner subsequently exhausted his state court remedies on August 4, 2004 because that is when he completed all appeals in connection with his petition to vacate his sentence. *Id*. At that point, the undersigned considered whether Petitioner promptly returned to federal court as equitable tolling requires.

The undersigned recommended that the Court find that Petitioner did not promptly return to federal court. ECF Dkt. #66 at 51. The undersigned reasoned that the filings Petitioner made between August 4, 2004 and 2008 (when Judge Economus reopened the 2003 petition) did not properly challenge the constitutionality of Petitioner's conviction. *Id*. Mindful that Judge Economus granted leave to reopen the 2003 petition based upon state court vexatious litigator issues, the undersigned examined the orders in light of a more complete record.

-3-

It is important to note that when Petitioner sought leave to reopen the 2003 petition, he failed to include copies of all of the applicable orders declaring him to be a vexatious litigator. *See* ECF Dkt. #11. The June 4, 2010 report and recommendation summarized the pertinent procedural history related to the state court-issued vexatious litigator orders. Those orders are as follows:

- On March 17, 2005, Judge James L. Kimbler of the Medina County Court of Common Pleas issued an order declaring Petitioner to be a vexatious litigator pursuant to O.R.C. § 2323.52(A)(3). ECF Dkt. #48, Ex. 51.

- Throughout 2007 and 2008, the state courts enforced the vexatious litigator order on several occasions, finding that reasonable grounds for Petitioner's various motions did not exist. *See* ECF Dkt. #48, Ex. 68-75.

- Petitioner filed a complaint in the Supreme Court of Ohio against the judges of the Ninth District Court of Appeals, seeking a writ of prohibition. ECF Dkt. #48, Ex. 76.4 The Supreme Court of Ohio dismissed Petitioner's case and declared him to be a vexatious litigator pursuant to Ohio Supreme Court Rule of Practice XIV(5)(B). *Id.*

The undersigned determined that Petitioner has made the state court vexatious litigator orders an issue by filing numerous motions that were unnecessary to exhausting his state court remedies. ECF Dkt. #66 at 52. The undersigned viewed Petitioner's numerous subsequent filings as "an abusive use of federal court authorization to return to state court for the limited purpose of diligently exhausting federal constitutional remedies." *Id.* And the undersigned noted that, after the Ohio courts concluded review of the petition to vacate that was pending when Judge Matia dismissed the 2003 petition, Petitioner continued to file motions and petitions in the state courts for nearly four years before returning to federal court. *Id.* at 53.

The undersigned then detailed the scope of each of the vexatious litigator orders and noted that "[u]pon entering the vexatious litigator orders, the state courts specifically afforded Petitioner an opportunity to file pleadings if he first obtained leave of court and demonstrated reasonable grounds for the motion." ECF Dkt. #66 at 55 citing ECF Dkt. #48, Ex. 51 at 5; Ex. 76 (emphasis in report and recommendation). The undersigned recommended that the Court find the restrictions placed on Petitioner to be reasonable. *Id.* Further, the undersigned recommended that the Court find that the Ohio vexatious litigator statute and orders did not impose an absolute bar on Petitioner, and any restrictions Petitioner faced resulted from his own failure to comply with the procedural directives set forth in the vexatious litigator orders. *Id.* at 55-57. Accordingly, the undersigned

recommended that the Court find that mandatory equitable tolling was inapplicable. *Id*. at 57. The undersigned also recommended that the Court find that equitable tolling was inapplicable under the factors set forth in *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005).

The undersigned then recommended that the Court find that Grounds 3-10 of the Second Amended Petition (ECF Dkt. #26) do not relate back to the original 2003 petition (ECF Dkt. #1). ECF DKt. #66 at 59-63. The undersigned further recommended that the Court find Ground 10 to be non-cognizable because it attempted to state a stand-alone actual innocence claim. *Id*. at 63*; See Herrera v. Collins*, 506 U.S. 390, 416-17(1993) ("Our federal habeas cases have treated claims of 'actual innocence,' not as an independent constitutional claim. . . "); *Sitto v. Lafler*, 279 Fed.Appx. 381, 2008 WL 2224862 (6th Cir. May 28, 2008), unreported ("we continue to adhere to the rule that a free-standing innocence claim is not cognizable for habeas review. "); *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). In the event that the Court found it appropriate to reopen the 2003 Petition, the undersigned recommended that the Court find Ground 7 to be untimely and Ground 9 to be timely, based upon an application of 28 U.S.C. § 2244(d)(1)(D). ECF Dkt. #66 at 67-68. Lastly, the undersigned addressed the merits of Grounds One, Two, Three, Four, Seven (as an alternative analysis), and Nine. ECF Dkt. #66 at 68-77. The undersigned recommended that the Court find each claim to lack merit.

II.     **PROCEDURAL HISTORY SUBSEQUENT TO JUNE 4, 2010**

After the undersigned issued the June 4, 2010 report and recommendation, Judge Economus granted Petitioner an extension of time until August 17, 2010 in order to file objections. ECF Dkt. (entry for 06/17/2010). Petitioner then filed a motion for leave to exceed the fifteen page limit set forth in Local Rule 7.1(f). ECF Dkt. #71. Judge Economus granted Petitioner leave to file objections up to 25 pages in length. ECF Dkt. (entry for 07/16/2010).

On August 13, 2010, the Court docketed objections related to the June 4, 2010 report and recommendation and separate objections related to the orders that the undersigned issued on June 4, 2010. ECF Dkt. #73, 74. On leave of court, Respondent file a response to Petitioner's objections on September 3, 2010. ECF Dkt. #78. Thereafter, Petitioner filed a Motion [for] Leave to Reply Against the Respondent's Response and Leave Instanter to Adopt the Objections By the Petitioner

as Written. ECF Dkt. #78.

On October 6, 2010, The Honorable Sara Lioi was assigned to this case.

On October 28, 2010, the Court issued an order noting that Petitioner has filed two sets of unique objections to the R&R and both sets of objections attach exhibits that contain additional legal arguments. ECF Dkt. #81 at 1. The Court concluded that "[P]etitioner has submitted over 120 pages of legal arguments stating his objections to the R&R." *Id*. The Court then granted Petitioner leave to file amended objections to the June 4, 2010 report and recommendation, admonishing:"Petitioner is directed not to file more than twenty-five pages of objections and legal arguments and further directed not to submit exhibits containing objections and legal arguments. If such amended objections are timely filed, this Court shall strike petitioner's original objections. (Doc. Nos. 73, 74.)." *Id*.

On November 22, 2010, the Clerk's Office docketed Petitioner's amended objections. ECF Dkt. #83. Respondent filed a response to the objections. ECF Dkt. #84. Thereafter, Petitioner filed: two Motions for Leave of Court to Expand the Record (ECF Dkt. ## 85, 87); and a second Motion [for] Leave to Reply Against the Respondent's Response (ECF Dkt. #86). On March 11, 2011, the pending motions (ECF Dkt. ## 79, 85, 86, 87) were referred to the undersigned for the preparation of a report and recommendation.

**III.    ANALYSIS**

   **A.    Motion [for] Leave to Reply Against the Respondent's Response (ECF Dkt. #79)**

Petitioner filed a motion for leave to file a reply brief pertaining to his original objections to the June 4, 2010 report and recommendation. ECF Dkt. #79. The Court explicitly directed Petitioner that "not to file more than twenty-five pages of objections and legal arguments and further directed not to submit exhibits containing objections and legal arguments. If such amended objections are timely filed, this Court shall strike petitioner's original objections. (Doc. Nos. 73, 74.)." ECF Dkt. #81 at 2. Petitioner has filed amended objections conforming to this order. Therefore, the undersigned recommends that the Court STRIKE his original objections (ECF Dkt. #73, 74), STRIKE Respondent's opposition thereto (ECF Dkt. #77, 78), and DENY this motion as MOOT (ECF Dkt. #79).

**B.     Motions to expand the Record (ECF Dkt. #85, 87)**

Petitioner seeks to expand the record to include:

1. a copy of Appendix G, attached to Petitioner's amended Objections (ECF Dkt. #83);

2. a copy of the state prosecutor's response to Petitioner's attempt to appeal case number 07-CA-0042-M in the Ohio Court of Appeals for the Ninth Appellate District.  (attached to ECF Dkt. #86 as Ex. A);

3. a letter showing that the Court Services Division of the Supreme Court of Ohio has no record of Judge Thomas P. Curran being assigned to hear case number 07-AP-041 and 07-AP-057.  (ECF Dkt. #87-1).

ECF Dkt. #85, 87.  Appendix G is a motion that Petitioner filed in the trial court on October 22, 2010, *well after* the undersigned issued the June 4, 2010 report and recommendation.  ECF Dkt. #85-1 at G-1,2.  In that motion, Petitioner seeks an amendment to the trial court's November 14, 2003 judgment entry ruling on his petition to vacate his sentence.  *Id*.  Petitioner seeks "new language about Petitioner amending the July 3, 2003 original petition on July 11, 2003, pursuant to O.R.C. § 2953.21 (F)."  *Id*.  This document will purportedly support Petitioner's objection to the undersigned's June 4, 2010 report and recommendation.  *See* ECF Dkt. #83 at 2-3.  However, the undersigned questions Appendix G's probative value due to the fact that Petitioner filed it seven years after the July 11, 2003 petition, and only after the undersigned issued the June 4, 2010 report and recommendation.

Petitioner contends that the undersigned failed to address the amended petition to vacate, which he allegedly filed on July 11, 2003.  ECF Dkt. #83 at 2.  Petitioner contends that Respondent concedes this document is part of the record.  ECF Dkt. #83 at n.3 citing ECF Dkt. #78.  The undersigned sees no such concession in Respondent's brief.  Respondent contended that "An amended petition **would not have changed anything**, because the original petition was untimely."  ECF Dkt. #78 at 3.  This statement is not a concession, but an argument assuming the truth of Petitioner's assertion.

Petitioner also points to the Medina County Docket for support.  *Id*.  The docket reflects that Petitioner filed a motion for leave to amend his petition for postconviction relief.  *See* http://www.co.medina.oh.us/medct_epublicnodr/pages/DetailForm.aspx?case=99CR0446  (*last*

*visited* Mar. 15, 2011) (hereinafter "Medina Docket"). There is no indication that the court ever granted Petitioner leave to amend his Petition.

Most telling is the fact that Petitioner has not presented a filed version of the alleged amended petition. On several occasions, Petitioner has attempted to prove that the amended filing exists by pointing to purported concessions by Respondent, but he has never produced the document itself or demonstrated how its contents would have addressed his failure to comply with the 180 day filing deadline. *See* ECF Dkt. #83 at n.3, # 86 at 3. The undersigned has obtained a copy of the July 11, 2003 filing from the Medina County Clerk's Office. The document, which is captioned "Motion with Affidavit to Amend and Include Exhibit with Post Conviction Petition," is attached to this report and recommendation as Exhibit A[3]. The July 11, 2003 filing at issue is, in fact, not even a motion. Ex. A. It is an affidavit contending that Petitioner discovered additional evidence in support of the July 3, 2003 petition after he mailed it to the clerk's office. *Id*. Even construed liberally, the filing seeks only to include additional evidence in the record in support of the July 3, 2003 petition. *Id*. The affidavit refers to the earlier filed petition for post conviction relief: "The affiant has presented to this Court in the Petition for Post Conviction Relief a study by process of elimination supported with exhibits . . ." *Id*. at ¶4.

Petitioner contends that "the [June 4, 2010] R&R devoids any mention of the July 11, 2003 amended petition of right pursuant to O.R.C.2953.21(F)." ECF Dkt. #83 at 2. It is true that Petitioner was entitled to amend his July 3, 2003 petition before the state filed a response. Section 2953.21(F) provides in its entirety:

> At any time before the answer or motion is filed, the petitioner may amend the petition with or without leave or prejudice to the proceedings. The petitioner may amend the petition with leave of court at any time thereafter.

O.R.C. § 2953.21(F). However, Petitioner did not amend his petition. He only arguably sought

---

[3] The July 11, 2003 filing appends exhibits, which contain personal-identifying information subject to redaction pursuant to Local Rule 8.1. Since the undersigned finds the attachments to be irrelevant to the issue of the AEDPA statute of limitations calculation, and the task of redacting personal-identifying information would burdensome for the Clerk's Office, the undersigned has not included the exhibits as part of Exhibit A. Should Petitioner take exception to this course of action, the undersigned notes that he has not presented this document for the Court's consideration. If he wishes to do so, he should file a copy that complies with Local Rule 8.1.

leave to amend his petition by adding additional evidence. Ex. A. He did not file a new petition on July 11, 2003 pursuant to O.R.C. § 2953.21(F) as he contends.

Petitioner has not demonstrated how the July 11, 2003 filing would affect AEDPA statute of limitations analysis. As the undersigned's June 4, 2010 report and recommendation observed, the state court ultimately determined that the July 3, 2003 petition for post conviction relief was untimely. ECF Dkt. #66 at 7 citing ECF Dkt. #48, Ex. 20, *see* p. 628-29 ("The Defendant's motion for post conviction relief was filed on July, 2003, far more than 180 days from the time the transcript of trial proceedings was filed in the Court of Appeals. . . the Court finds R.C. 2953.23 prohibits this Court from entertaining the Defendant's untimely petition."). The fact that his petition was untimely would not be changed by Petitioner's July 11, 2003 affidavit. Accordingly, the undersigned sees no relevance in Appendix G – Petitioner's motion filed approximately 7 years after the allegedly deficient journal entry was docketed. The analysis that the undersigned set forth in the June 4, 2010 report and recommendation would remain unchanged based upon Appendix G. Therefore, the undersigned RECOMMENDS that the Court DENY Petitioner's motion to include it in the record.

Next, Petitioner seeks to expand the record to include the State of Ohio's motion to dismiss Petitioner's appeal from the trial court's order denying his motion for a for a new trial. ECF Dkt. #85 citing ECF Dkt. #86-1. Petitioner mischaracterizes the June 4, 2010 report and recommendation. Petitioner contends that the report and recommendation "overlooked" the August 12, 2003 motion for leave to file a motion for a new trial pursuant to Ohio Rule of Criminal Procedure 33(B). The undersigned did not overlook this issue. Rather, the undersigned issued a ruling dealing specifically with the issue of appellate briefs pertaining to this motion:

> Petitioner has requested that Respondent produce: his August 12, 2003 Post Conviction Motion for New Trial that he filed in the trial court;
>
> \* \* \*
>
> First, Petitioner seeks a copy of an August 12, 2003 Post Conviction Motion for New Trial. ECF Dkt. #57 at 4. Petitioner contends that Respondent has opened the door to this issue because she has included the appellate court's entry ruling on an appeal from the trial court's ruling on the motion. *Id*. citing ECF Dkt. #48, Ex. 69. However, Petitioner is not seeking an appellate brief, and Rule 5 does not apply. Therefore, Petitioner's request is denied.

ECF Dkt. #66 at 36, 38. Petitioner now seeks to expand the record to include a copy of the state's motion to dismiss his appeal from the trial court's denial of his August 12, 2003 motion for leave to file a motion for a new trial. ECF Dkt. #85. Petitioner's motion to expand the record provides no explanation for the need to include this document in the record. Further, Petitioner had an opportunity to request this document before the undersigned issued the June 4, 2010 report and recommendation, but he failed to do so.

As with the July 11, 2003 affidavit , Petitioner has not demonstrated that the August 12, 2003 motion was *properly filed* and would have any effect on the AEDPA statute of limitations. *See* 28 U.S.C. § 2244(d)(2); ECF Dkt. #83, 85, 86. Notably, the Ohio courts denied the earlier-filed January 7, 2003 motion for a new trial as untimely. *See* ECF Dkt. #66 at 9. The undersigned has no reason to believe that the August 12, 2003 motion was properly filed. Therefore, the undersigned finds no merit in Petitioner's claim that the finality date used in the report and recommendation is incorrect, let alone "fatal," as Petitioner contends. ECF Dkt. #86 at 6.

For the foregoing reasons, the undersigned RECOMMENDS that the Court DENY Petitioner's motion to expand the record to include a copy of the state prosecutor's response to Petitioner's attempt to appeal case number 07-CA-0042-M in the Ohio Court of Appeals for the Ninth Appellate District, attached to ECF Dkt. #86 as Ex. A. ECF Dkt. #85.

Lastly, Petitioner seeks to expand the record to include a copy of a letter showing that the Court Services Division of the Supreme Court of Ohio has no record of Judge Curran being assigned to hear case numbers 07-AP-041 and 07-AP-057. ECF Dkt. #87-1. Petitioner fails to demonstrate the relevance of this letter. He contends that the **trial court** record shows that Judge Curran was assigned to the case on July 30, 2007 and he issued several interlocutory orders. ECF Dkt. #87 at 2 (emphasis added)[4]. Petitioner contends that this evidence demonstrates prejudice by the state courts. *Id*.

Foremost, the undersigned notes that Judge Economus reopened this case because "[i]n

---

[4] The trial court case number was 99CR0446, not 07-AP-041 or 07-AP-057.

declaring Bozsik to be a 'vexatious litigator,' **Judge Curran** effectively prohibited Bozsik from seeking any further relief in state court." ECF Dkt. #15 at 4 (emphasis added); but see ECF Dkt. #66 at n. 5 (The undersigned noted: "It appears that Judge Curran merely enforced Judge Kimbler's March 17, 2005 order. ECF Dkt. #48 [Ex.] 51.").

Further, the undersigned sees no relevance in the fact that a division of the Supreme Court of Ohio lacks records of Judge Curran's assignment to Petitioner's case. The Medina County Court of Common Pleas docket clearly indicates that Judge Curran was assigned to the case (99CR 0446)on July 27, 2007. *See* Medina Docket. The assignment was effected by a Certificate of Assignment, executed by Supreme Court of Ohio Chief Justice Thomas J. Moyer. Ex. B (attached); *See also* Ohio Rules of Superintendence 17. Therefore, the undersigned finds no merit in Petitioner's contention that the lack of a record in the Court Services Division of the Supreme Court of Ohio demonstrates prejudice.

As a final note, the undersigned sees no basis for determining that Judge Curran was prejudiced or biased in any way against Petitioner. This assertion lacks merit, and Petitioner's motion should be DENIED. ECF Dkt. #87.

### C. Motion for Leave to Reply Against the Respondent's Response to Petitioner's Objections (ECF Dkt. #86)

Petitioner seeks leave to file a reply brief in support of his objections to the June 4, 2010 report and recommendation. ECF Dkt. #86. "The decision to grant a motion for leave to file a reply brief relies on the interpretation and application of local rules and local practice. As these are matters within the district court's discretion, the district court's decision is reviewed for abuse of discretion." *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 714 (6th Cir. 2006). Specifically with respect to a Magistrate Judge's proposed findings, recommendations or reports made pursuant to Federal Rule of Civil Procedure 72(b) a party shall file objections within fourteen days after being served a copy of the report and recommendation, and any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2) ; L.R. 72.3(b). These rules do not expressly permit or forbid the filing of a reply brief.

Recognizing that the Court has discretion in considering this motion, the undersigned notes

-11-

that Petitioner has had ample opportunity to brief this matter, and at one point submitted 120 pages of objections, in violation of Judge Economus' order.  *See* ECF#73,74, 81.  For the most part, Petitioner rehashes that same arguments that he has presented in his original and amended objections. The record contains sufficient evidence and briefing by the parties to enable to Court to rule on the petition.  The undersigned believes that Petitioner's proposed reply brief is cumulative and will not assist the Court in adjudicating the petition.

Further, Petitioner cites no cause or necessity for a reply other than a generalized claim that Respondent has addressed and conceded to new facts that are not part of her answer/return of writ and had erroneously applied Ohio law in a manner that will prejudice Petitioner.  ECF Dkt. #86 at 1.  The undersigned is of the opinion that the Court is certainly able to determine the propriety of Respondent's application of the law, and a reply brief is unnecessary.

Additionally, the undersigned finds that the arguments advanced in Petitioner's proposed reply brief are meritless.  Petitioner contends that Respondent has applied the incorrect standard of review regarding a post conviction petition.  *Id*. 3-4.  Petitioner argues that he had an absolute right to amend his July 3, 2003 petition at any time before the answer or motion was filed by the state.  *Id*. That may be true, but as noted above, he only sought leave to amend his petition; he never filed an amended petition.  Therefore, this claim lacks merit.

Petitioner contends that the July 11, 2003 filing lacks finality in the trial court.  To the contrary, there was no motion for the trial court to consider.  Petitioner merely filed an affidavit.  Ex. A.  Further, Petitioner sought only to include additional evidence in the record, thus the pending petition was the July 3, 2003 petition, which the trial court dismissed as untimely.  The July 11, 2003 filing did not address the untimeliness of the July 3, 2003 petition.  Ex. A.  Apparently Petitioner believes this purportedly pending filing has stayed the AEDPA statute of limitations.  However, the rulings pertaining to the July 3, 2003 petition demonstrate that the July 11, 2003 filing was not properly filed and does not toll the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).

Petitioner also contends it is necessary to respond to Respondent's alleged concession regarding  the August 12, 2003 motion for leave to file a motion for a new trial.  ECF Dkt. #86 at 6. Petitioner merely adds further argument contending the August 4, 2004 finality date used in the June

-12-

4, 2010 is "fatal" since "two plus years of litigation occurred after[ward]." *Id*. As with the July 11, 2003 petition for post conviction relief, Petitioner contends that the August 12, 2003 motion for leave to file a motion for a new trial remains pending and tolls the AEDPA statute of limitations. *Id*. Petitioner contends that the state conceded the lack of finality pertaining to that motion in its appellate brief. *Id*, Ex. A. Even assuming that were the situation, arguendo, it has no bearing on AEDPA statute of limitations analysis. It does not demonstrate that the underlying motion was properly filed. And the Ohio courts denied the earlier-filed January 7, 2003 motion for a new trial as untimely. *See* ECF Dkt. #66 at 9.

Ultimately, the Court must exercise its discretion in determining whether Petitioner is entitled to file a reply brief. However, the undersigned RECOMMENDS that the Court DENY Petitioner's motion because he has shown no cause and his proposed filing lacks merit. ECF Dkt. #86.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DENY all motions subject to the instant referral. ECF Dkt. ##79, 85, 86, 87. The undersigned further RECOMMENDS that the Court STRIKE Petitioner's original objections (ECF Dkt. #73, 74) and STRIKE Respondent's opposition thereto (ECF Dkt. #77, 78).

Date: March 18, 2010            */s/ George J. Limbert*
                                 GEORGE J. LIMBERT
                                 UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time may constitute a WAIVER of the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).