UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN A. BOZSIK,                )       CASE NO.  1:03CV1625
                                 )
            Petitioner,          )
                                 )
      vs.                        )       JUDGE SARA LIOI
                                 )
MARGARET BAGLEY, WARDEN,         )
                                 )       **MEMORANDUM OPINION AND**
            RespondentDefendant. )       **ORDER**
                                 )
                                 )

This matter comes before the Court on the Report and Recommendation ("R&R")

prepared by Magistrate Judge George Limbert, which recommends dismissal of Petitioner Steven

Bozsik's petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 66.)[1] Also before the

Court are a number of motions filed by Petitioner (Docs. 79, 85, 86, 87, 90, 95, 96, 98), as well

as an interim R&R ("Interim R&R") (Doc. 89). Petitioner has filed objections to the R&R (Doc.

83),[2] as well as to the Interim R&R (Doc. 92). For the reasons that follow, the objections are

OVERRULED, the R&R is ACCEPTED, and the petition is DISMISSED. Further, each of the

pending motions is DENIED.

**I. Introduction and background**

Given the lengthy history of this matter, both in state and federal courts, the Court

does not intend to reiterate the history here. The R&R issued by the Magistrate Judge devotes

---

[1] The docket reflects that the R&R was filed twice, once as Doc. 66, which is the R&R, and once as Doc. 67, which is the Order disposing of pending motions. In order to avoid confusion and as the documents are identical, the Court will simply refer to Doc. 66 when referencing both the R&R and the Order disposing of motions.

[2] These objections are the amended objections to the R&R. Petitioner's first set of objections totaled over 125 pages including exhibits, many of which contained legal arguments. The Court provided Petitioner an opportunity to amend his objections and to limit them to 25 pages (Doc. 81), which he did. As set forth in this order, Petitioner's original objections (Docs. 73, 74) will be stricken from the record.

twenty-five pages to its review, and that discussion is thorough and complete. Therefore, the Court ADOPTS the background set forth in the R&R (Doc. 66) without alteration or addition. Further, the procedural events that have occurred since the R&R was filed and until the Magistrate Judge issued the Interim R&R are carefully set forth in the Interim R&R. (Doc. 89.) The court ADOPTS the facts and procedural history as set forth in the Interim R&R as well.

In order to provide context for the discussion herein, the Court will briefly relate the basic procedural events that give rise to the Court's rulings. This petition was originally filed in 2003, and the Court found that Petitioner had failed to exhaust his administrative remedies. (Doc. 5.) In 2008, after having filed a separate petition for writ of habeas corpus under § 2254 in 2006 (*see* Case No. 1:06cv978, dismissed as untimely filed, certificate of appealability denied), Petitioner sought to have the 2003 habeas petition reinstated. The Court granted Petitioner's motion to reopen the case (Doc. 15) and referred the matter to the Magistrate Judge for the preparation of an R&R (Doc. 16). Petitioner was given an opportunity to amend his petition, which he did on March 5, 2009. (Doc. 26.) It is that amended petition which is currently at issue.

The Magistrate Judge issued an R&R (Doc. 41) in August 2009, recommending that the Court find Petitioner's Amended Petition to be a second or successive habeas application under 28 U.S.C. § 2244, referring to the 2006 petition as the first application, and that it dismiss the petition. The Court rejected the recommendation that the petition be dismissed and returned the matter to the Magistrate Judge for a determination of which of Petitioner's claims related back to the original 2003 petition for purposes of equitable tolling, and for a determination on the merits of those claims the Magistrate Judge found to be timely. (Doc. 45.) The questions of relation back and the merits of those claims that were timely were the only questions before the Magistrate Judge. The R&R that resulted is the R&R currently before the Court (Doc. 66), and

the question before the Court remains whether Petitioner's claims in the amended petition relate back to the original 2003 petition.

Petitioner objected to the R&R by means of two filings totaling over 125 pages including exhibits that contained legal argument. The Court entered an order granting Petitioner leave to amend his objections and to limit them to 25 pages. (Doc. 81.) Petitioner so amended his objections. (Doc. 83.) He also filed multiple motions after his amended objections. The Court referred the matter to the Magistrate Judge again in March 2011 for an Interim R&R on the four motions (Docs. 79, 85, 86, 87) that were then pending. Since the Interim R&R was filed, Petitioner has not only filed objections thereto (Doc. 92), but has again filed numerous motions, as follows: a motion for leave to conduct an evidentiary hearing (Doc. 90), a motion for leave to supplement the petition with new authority (Doc. 95), a motion to supplement the record with further state trial court filings (Doc. 96), and a motion for leave to amend the petition (Doc. 98).

As an initial matter, the Court would note that Petitioner has filed nine objections to the R&R. The Court will discuss the relevant objections as they arise in its discussion of the R&R, and will address any remaining objections prior to the discussion of the Interim R&R.

## II. Legal standard

There are many issues before the Court in this matter, each governed by a separate legal standard. The Court will first focus upon the review of the R&R and the Interim R&R. Each of the additional pending motions the Court will address separately, and will review the legal standards within each of those sections.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus. As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000); *Miller v. Francis*, 269 F.3d 609, 613-14 (6th Cir. 2001). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction. *Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court governs referral of habeas petitions to magistrate judges for preparation of a report and recommendation. Upon the filing of an R&R, Rule 8(b) provides that "[t]he [district] judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation." *See also* Fed. R. Civ. P. 72(b)(3) (The district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.")

## III. R&R Analysis

The Court finds no error in the Magistrate Judge's legal standard in the R&R. First, the Magistrate Judge correctly identified the standards for conducting threshold determinations regarding timeliness, procedural default and exhaustion of state remedies. (Doc. 66 at 25-30.) He then correctly identified the standard of review for § 2254 cases under AEDPA

4

for those claims that survived the threshold determinations above. The Court adopts the standards the Magistrate Judge has set forth.

### A. Reconsideration of December 16, 2008 Order (Objections I, II, and III)

The Magistrate Judge recommends that the Court reconsider its December 16, 2008 Order (Doc. 15) granting Petitioner's motion to reopen the petition and finding that the exhaustion requirement (on which basis the 2003 petition was dismissed) was excused because the state court's vexatious litigator determination left Petitioner without recourse. (Doc. 15 at 4.) In the R&R, the Magistrate Judge notes that at the time of the Court's issuing the December 2008 Order, Petitioner had not provided all of the state court vexatious litigator orders for the record, and in actuality had failed to satisfy the exhaustion requirements before he was deemed a vexatious litigator. The Magistrate Judge concludes that this missing information (together with a pending petition to vacate or set aside the sentence in the state court) was what caused the Court to find (Doc. 5) that Petitioner had not had the opportunity to exhaust his state court proceedings in the first instance. (Doc. 66 at 45.)

Further, the Magistrate Judge notes that, at the time of the initial dismissal of the 2003 petition, Petitioner had a motion to vacate pending in the state court that raised some claims that were identical to those raised in the 2003 petition, and that this automatically rendered state court proceedings unexhausted under *Cox v. Cardwell*, 464 F.2d 639 (6th Cir. 1972).[3] *See also Rose v. Lundy*, 455 U.S. 509 (1982) (*abrogated by Rhines v. Weber*, 544 U.S. 269 (2005) (abrogation subsequent to dismissal of 2003 petition)). The Court dismissed the petition without prejudice for that reason, and to give Plaintiff an opportunity to exhaust his state court remedies. After a dismissal at the state appellate court level on February 9, 2004, for failure to file the

---

[3] The R&R assumes, for the sake of argument, that Petitioner had properly presented on direct appeal the claims he raised in his 2003 petition. (Doc. 66 at 46.) The Court likewise makes this assumption.

5

appeal properly, Petitioner did not comply with the appellate court's deadline for re-filing the appeal, which was then dismissed March 30, 2004. (Doc. 48-2 at 187.) He appealed the dismissal to the Supreme Court of Ohio, which declined jurisdiction on August 4, 2004. (Doc. 48-2 at 253.) Petitioner did not return to the federal courts after this decision from the Supreme Court of Ohio until April 2, 2007, at which time he filed an unquestionably untimely motion for relief from judgment (Doc. 7) which was denied as moot on February 5, 2008. He did not move to reinstate the habeas petition until July 3, 2008. (Doc. 9.)

As set forth by the Magistrate Judge, a petition will automatically be considered timely by means of equitable tolling if a petitioner returns to the federal court within thirty days of the exhaustion of his state claims. *Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005).[4] According to the R&R, Petitioner did not return to the federal court within thirty days of the exhaustion of his state court remedies. (Doc. 5.)  In fact, he did not return to federal court until, at the earliest, July 2008, when he filed his first motion to reinstate the habeas petition (Doc. 9) which the Court denied. His second motion to reinstate, filed July 3, 2008, was granted. Regardless of which motion the Court considers to have been properly filed in order to reinstate the petition, the Magistrate Judge contends that neither was filed within thirty days of Petitioner's exhaustion of his state remedies. Therefore, the R&R recommends that the petition be dismissed as untimely.

In Objection I, Petitioner claims that the procedural background set forth in the R&R is deficient in its omission of several filings made by Petitioner in the state courts. The first Petitioner names is a July 3, 2003 post- conviction petition filed in the state trial court, which was succeeded by an amended petition filed July 11, 2003; the second is an August 12, 2003

---

[4] A petitioner must also have returned to state court within thirty days of having had his petition dismissed for failure to exhaust. *See Griffin*, 399 F.3d at 631. On that point, the Court will assume Petitioner complied, as did the Magistrate Judge. (Doc. 66 at 51.)

motion for a new trial filed with the state courts; the third are the June 1, 2007 petition and subsequent collateral proceedings filed in the state courts.

Objection I is overruled. As to the July 2003 filings, the state court granted the state's motion for summary judgment on the July 3 petition, finding that the petition was untimely. Any amendment thereto could not have been timely, as Respondent notes in the response to Petitioner's objections.

The August 2003 motion for a new trial was actually the second attempt Petitioner made to file a motion for a new trial. The first was filed January 7, 2003, and was found by the trial court to be untimely on February 3, 2003. Just as above with the July 2003 petition, a reiteration of the original untimely motion will not then be timely, which is how the trial court ruled in September 2006. Clearly, Petitioner's main reason for mentioning this August 2003 motion is his belief that the statute of limitations was tolled the entire time this meritless motion was pending in the state court. He is mistaken. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

While the June 1, 2007 filings and subsequent filings are not mentioned in the procedural history recited in the R&R or in the analysis, Petitioner has in no way demonstrated what difference they would make if they were considered. The R&R recommends that the Court adopt August 4, 2004, as the date on which the statute of limitations began to run upon the exhaustion of Petitioner's state remedies. Filings in 2007 are clearly outside of that window, whether the window is the AEDPA one-year statute of limitations or the thirty-day window for returning to the federal courts for purposes of equitable tolling.

In Objection III, in which he challenges the Magistrate Judge's recommendation that the Court reconsider its order reopening the 2003 petition, Petitioner cites *Day v.*

*McDonough*, 547 U.S. 198, 207-10 (2006), in support of his contention that the Magistrate Judge has improperly considered the statute of limitations. In *Day*, the Supreme Court held that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day*, 547 U.S. at 209. This is what the Magistrate Judge did in the R&R, concluding that Petitioner had not timely filed his motion to reinstate, and that his petition should therefore be dismissed. As Petitioner argues, however, the Court in *Day* went on to state that

> before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions. Further, the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred.

*Id.* at 210 (citing *Acosta v. Artuz*, 221 F.3d 117, 124-25 (2nd Cir. 2000); *McMillan v. Jarvis*, 332 F.3d 244, 250 (4th Cir. 2003); *Granberry v. Greer*, 481 U.S. 129, 136 (1987)) (internal citations and quotation marks omitted).

Respondent argues that Petitioner was aware that the Court would consider timeliness of the amended petition because the R&R recommended that the Court consider it. Petitioner had an opportunity to oppose that consideration in the form of objections to the R&R. That he failed to produce any sort of compelling argument against a determination that his amended petition was untimely, according to Respondent, is neither out of character with Petitioner's legion filings (none of which has successfully shown that the statute of limitations was actually tolled or should be equitably tolled) nor does it operate in Petitioner's favor.

The Court finds that the Magistrate Judge's recommendation regarding timeliness is compelling based on the facts presented, despite the alleged lack of notice to the parties. As Respondent has noted, Petitioner was aware that the Court would consider the timeliness argument in reviewing the R&R. Nevertheless, none of Petitioner's objections to the R&R

8

(which are set forth more fully below) satisfactorily counter the recommendation that the Court find the amended petition untimely. Therefore, the Court ACCEPTS the recommendation that the Court reconsider its original reinstitution of the 2003 petition for the reasons thoroughly laid out in the R&R.

Further, this bears on the portion of Petitioner's Objection II that references the statute of limitations, in which he argues that the Magistrate Judge improperly calculated the statute of limitations because he disregarded certain motions that were pending in the state court. While Petitioner has repeatedly contended that he has tolled the statute of limitations by repeat filings, and that the vexatious litigator status prohibited him from properly pursuing his claims in state court, there is no merit to these claims, as the R&R clearly sets forth. Not only was Petitioner labeled a vexatious litigator well after he should have entirely exhausted his claims in state court, but the vexatious litigator status was not a complete bar to the pursuit of *legitimate* claims, Petitioner's view to the contrary notwithstanding. Furthermore, motions and filings made subsequent to motions and filings already deemed to be untimely do not become timely. Petitioner cannot point to meritless or untimely filings in the state court and claim that they have tolled the statute of limitations. The R&R has set all of this forth completely and thoroughly, and, in adopting the reasoning of the R&R on the issue of timeliness, the Court adopts its reasoning with respect to Petitioner's vexatious litigator status and its effect on his ability to exhaust state remedies. (Doc. 66 at 53-58.)[5] The Court will, however, analyze and consider the next recommendation of the R&R as an alternative basis for dismissal of Petitioner's petition.

---

[5] The Court acknowledges that the vexatious litigator statute, namely R.C. § 2323.52, applies to civil actions. Post-conviction actions are considered to be civil in nature. *See, e.g.*, *State v. Calhoun*, 86 Ohio St. 3d 279, 281 (Ohio 1999).

**B. Relation back, Grounds 3-10[6] (Objection V)**

The R&R next discusses Grounds 3-10 of Petitioner's amended petition and recommends that the Court find that none of the eight grounds relate back to the original 2003 petition. Having reviewed the analysis in the R&R, which is based upon a review of the 2003 petition and the amended petition, the Court finds no error in the Magistrate Judge's analysis. The Court therefore ADOPTS the reasoning of the R&R finding that Grounds 3-10 of the amended petition do not relate back to the grounds stated in the original 2003 petition.

Petitioner has made no substantive objection to this recommendation. His only mention of the R&R's ruling is the heading for Objection V, which reads, "The Magistrate Judge erred when the R&R held amended grounds three though [sic] ten do not relate back to the 2003 petition." He then incorporates the discussion in Objections I-IV (which are unrelated to this issue), citing the page limitation to which he has been compelled to adhere.

Local Rule 72.3(b) states that a party objecting to a Magistrate Judge's R&R "shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." The Sixth Circuit, in reviewing a case in which a general objection was made to an R&R, held that an objecting party must conform its objection to the local rule and "identify the portions of the magistrate's recommendation to which objection is made and the basis for the objection." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995). Failure to do so waives subsequent review by the district court and appeal from the district court's decision. *Id.* "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the

---

[6] All references to the grounds of the petition refer to the amended petition that was before the Magistrate Judge (Doc. 26); references to the original 2003 petition are specifically identified as such.

requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

As Petitioner has failed to make objection to this portion of the R&R, and the Court has reviewed the Magistrate Judge's recommendations and finds no error of fact or law, the Court ACCEPTS the recommendation of the Magistrate Judge and finds that Grounds 3-10 of the amended petition do not relate back to the original 2003 petition. Respondent has correctly noted that Petitioner has failed both in Objection V and at any other point in his twenty-five pages of objections to the R&R to explain how any of the grounds of the amended petition do relate back to the original 2003 petition. This is a notable shortcoming in Petitioner's objections because the question of relation back was the primary question upon which the amended petition was referred to the Magistrate Judge in the Court's October 2009 order. (Doc. 45.)

### C. Actual Innocence (Objections VI and VII)

Having accepted the recommendation that it find that Grounds 3-10 do not relate back to the original 2003 petition, the Court need not consider the remaining recommendations regarding those grounds. The R&R addresses the actual innocence argument in Ground 10 and the AEDPA statute of limitations in Grounds 7 and 9, recommending that the Court find in favor of dismissing the petition as it relates to all three grounds. As stated above, however, the Court need not do so, and reserves judgment on those issues.

In Objection VI, Petitioner has challenged the R&R's treatment of his actual innocence claim as well as his filings resulting from the recusal of the trial judge in his state court proceedings. The Court is unpersuaded by Petitioner's arguments to reconsider its reservation of judgment on these issues. Were it to accept the recommendations of the Magistrate

11

Judge, the Court would not find that Petitioner's objection regarding his actual innocence argument had merit because he has made no argument. He has simply asserted that the complete state court record is not included, but gives no indication of what records relevant to actual innocence have been excluded, nor does he explain how any relevant but lacking records would bear on his argument.

Similarly, Petitioner asserts in Objection VII that the Magistrate Judge erred in his analysis of the AEDPA statute of limitations regarding Grounds 7 and 9. In that discussion, the Magistrate Judge noted that, even if the statute of limitations began to run in June 2007 on the claims raised in Grounds 7 and 9, those later-developed claims could not relate back to the original 2003 petition and are therefore time-barred as being brought outside the one-year AEDPA statute of limitations. Petitioner makes no attempt to explain how this claim relates back to the 2003 petition, or how the claim is timely even if the 2007 statute of limitations applies.

### D. Merits

The R&R next addresses the merits of Grounds 1 and 2, the only grounds that the Magistrate Judge found related back to the original 2003 petition. It then reviews the merits of Grounds 3, 4, 7 and 9, recommending bases in the alternative to the dismissal of those grounds for failure to relate back.

### 1. Ground 1 (No Objection)

In Ground 1, Petitioner challenged the admission of testimony from two witnesses, namely Chris Jones and Cheryl Gearhart. As to Chris Jones, the R&R recommends that the Court find the claim procedurally defaulted for failure to raise it during the direct appeal. The R&R recommends that the Court find that Cheryl Gearhart's testimony was not prejudicial, even if improperly admitted, because of the volume of other inculpating evidence.

12

Without entirely restating the reasoning of the R&R here, the Court ADOPTS the reasoning therein as to Ground 1. Petitioner has not objected to the reasoning of the R&R regarding Ground 1 in his objections. *Miller*, 50 F.3d at 380.

### 2. Ground 2 (Objection VIII)

The recommendation for Ground 2, in which Petitioner alleged that he was denied exculpatory discovery as to Richard Wise (whom Petitioner asserts is the other suspect in his wife's murder), is that the Court find that any claim under *Brady v. Maryland*, 373 U.S. 83 (1963), is without merit. After properly setting forth the standard for a *Brady* claim, the Magistrate Judge then reviewed the evidence Petitioner apparently thought was withheld from him, which apparently centered upon the color of the vehicle driven by Mr. Wise, information that Petitioner claims the prosecution used to impeach him and his son during their testimony. The Magistrate Judge found that Petitioner ultimately independently discovered the information he sought, though he did so post-trial.

In his Objection VIII to the findings of the Magistrate Judge, Petitioner has argued that he did not raise a *Brady* claim, but instead challenged the pre-trial motion that he had made requesting discovery about Mr. Wise. He then asserts that the Court should reject the Magistrate Judge's recommendation regarding Ground 2 and should "conduct a de novo review with the proper facts." (Doc. 83 at 20.)

This is a vague argument and one that does not provide the Court with any guidance regarding the nature or basis of Petitioner's objection. Whether or not Petitioner intended to raise a *Brady* claim or phrased it as such, if he believes that potentially exculpatory evidence was withheld from him by the prosecution and seeks to raise a challenge, he is raising a claim under *Brady*. *See Brady*, 373 U.S. at 87.

Petitioner certainly has not provided any other alternative to the Court as a basis for his objection, and Respondent simply failed to address the Magistrate Judge's treatment of Ground 2 and Petitioner's objection. The Court has attempted to understand Petitioner's objection but finds that Petitioner simply has not made out an objection on the basis of *Brady*, nor has he made any other substantive objection.

The United States Supreme Court has held that "[t]here are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Stricker v. Greene*, 527 U.S. 263, 281-82 (1999). While Plaintiff has asserted that the prosecution suppressed the evidence regarding the color of Mr. Wise's truck (without any apparent support for that assertion), he has not demonstrated how that evidence could have exculpated him or how it has caused any prejudice, given the volume of evidence presented at trial.

Having reviewed the Magistrate Judge's analysis and Petitioner's insufficient objection, the Court concludes that the recommendation is appropriate and ACCEPTS the same. Ground 2 is dismissed for lack of merit.[7]

### E. Rulings on pending motions (Objection IV)

At the time the Magistrate Judge issued the R&R in this matter (Doc. 66), several of Petitioner's motions were pending. The Magistrate Judge denied each motion, to which Petitioner has raised Objection IV to the R&R. (Doc. 83 at 16.) In his objection, Petitioner

---

[7] Objection VIII also challenged the R&R on the substantive recommendations regarding Grounds 3, 4, 5, 6, 7 and 9. The Court has already accepted the recommendation that it find that Grounds 3-10 do not relate back to the grounds of the original 2003 petition (in the alternative to its decision to reconsider its original order reopening the 2003 petition). The Court has reviewed Petitioner's arguments regarding his objections to the R&R's substantive analysis of Grounds 3, 4, 5, 6, 7 and 9 and finds nothing that properly challenges the primary relation back issue, nor anything that requires further discussion.

asserts that, had the Magistrate Judge considered the entire state record (defined by Petitioner) the outcome would have been different. Presumably, Petitioner is referring to the outcome of the R&R's recommendation regarding the pending motions. He does not indicate how the results would have differed, how the Magistrate Judge's legal analysis is flawed, or what particular records he believed would have affected the ruling. He further asserts that the statute of limitations is being improperly calculated, presumably in the same way that he has asserted its improper calculation throughout his objections. That argument, as the Court has already indicated, is not persuasive.

The Magistrate Judge disposed of six motions. Plaintiff does not indicate which rulings he seeks to challenge. He gives no basis for any challenge. The Court has reviewed the Magistrate Judge's reasoning for each of the rulings issued and concurs with each decision. Petitioner's Objection IV is overruled.

### F. Inclusion of 2006 petition (Objection IX)

Petitioner's final objection, Objection IX, raises the inclusion by the Magistrate Judge of Petitioner's 2006 petition in the statement of the case's procedural history. Respondent has simply not addressed the objection. Petitioner appears to argue that, because the 2006 petition was found to be a successive petition, it should not be included in the procedural history of this matter because it is a nullity.

The 2006 petition had no actual bearing on the analysis in this matter. The Magistrate Judge did not decide anything based upon that aspect of the procedural history of this case. The only reference to the 2006 petition in any substantive respect was the Magistrate Judge's conclusion that, if claims raised in the 2006 petition were found to be time-barred, so

much the more would they be time-barred if raised subsequent to the 2006 petition. *See, e.g.*, Doc. 66 at 35. The Court finds this objection to be without merit, and it is overruled.

### G. Summary of Rulings on Amended Objections (Doc. No. 83)

For the reasons discussed above, all nine of Petitioner's objections raised in Doc. No. 83 are OVERRULED.

## IV. Interim R&R Analysis

The Court must next consider the Interim R&R (Doc. 89) issued by the Magistrate Judge upon the Court's referral of this matter for recommendations regarding several motions filed by Petitioner after the issuance of the R&R. The Court will review the Magistrate Judge's recommendation as to each motion individually, as well as Petitioner's objections (Doc. 92).

### A. Motion for Leave to Reply against Respondent's Response (Doc. 79)

Petitioner has sought leave to file a reply brief in response to Respondent's response (Docs. 77, 78) in opposition to Petitioner's objections to the R&R. The Court had ruled that Petitioner's original objections to the R&R (Docs. 73, 74) were out of rule in that they were well beyond the page limit for objections to an R&R, and gave Petitioner an opportunity to file conforming objections. (Doc. 81.) If he did so, the Court stated that it would strike the original objections. Petitioner has filed conforming objections, and the Court hereby STRIKES the original objections (Docs. 73, 74) and Respondent's response thereto (Docs. 77, 78). As recommended by the Magistrate Judge, the Court therefore DENIES AS MOOT Petitioner's motion (Doc. 79) to reply to the now-stricken response, to which Petitioner has stated he does not object. (Doc. 92 at 3.)

**B. Motion for Leave to Expand the Record (Doc. 85)**

Petitioner has sought leave to expand the record to include documents he believes will support his contention that his petition is timely filed. The Magistrate Judge recommended that the Court deny the motion because the evidence it sought to introduce – namely a motion filed in the trial court on October 22, 2010, to amend the language of the trial court's judgment entry ruling on his petition to vacate his sentence – was not only presented in the state trial court well after the issuance of the R&R in this matter, but was also irrelevant to the question of timeliness.

Petitioner objects that the exhibit he wishes to include would reflect his attempts to amend language in a trial court order regarding his attempts to amend his July 3, 2003 post-conviction petition in the state trial court, and would therefore affect the AEDPA statute of limitations. Petitioner seems to start from the assumption that any filings in the state court affect the statute of limitations, regardless of when they are filed in relation to the conviction he seeks to overturn or the judgment he is challenging. This is a faulty assumption.

Furthermore, the Court has already decided the issue of the July 2003 petitions (original and amended) in the trial court. *See* p. 7, *supra*. Despite Petitioner's contention in his second objection that the amendment was an amendment by right, such an amendment could not cure the original petition's untimeliness.

Petitioner also seeks to file a copy of the prosecution's motion to dismiss his appeal from the trial court's order denying his motion for a new trial. (Doc. 85, citing Doc. 86-1.) As the Magistrate explains in the R&R, Petitioner has given no indication of how this filing is relevant or how it would have any impact on the AEDPA statute of limitations. In his objection to the Interim R&R, Petitioner asserts that the finality date identified in the R&R (Doc. 66),

17

namely August 4, 2004, has not taken into account the August 12, 2003 motion for leave to file a motion for a new trial. Petitioner then asserts that, when he sought to appeal the denial of his motion for a new trial, the state challenged that appeal, filing the motion to dismiss Petitioner now seeks to include in the record. In its motion, Petitioner contends, the state "concedes" that the order denying the motion for leave to file a motion for a new trial was "not final or appealable," and that this lack of finality impacts the AEDPA statute of limitations and the Court's adoption of the August 4, 2004 finality date.

First, the Court would note that it cannot know the entirety of the state's argument in the motion to dismiss because Petitioner has only provided the cover page and introductory paragraph of the motion. *See* Doc. 86-1. Petitioner asserts that he could not provide the document because he has improperly been denied access to the state court records, citing Habeas Rule 5. Respondent counters that it is not required to provide every meritless filing Petitioner has made, noting that those filings are voluminous and have actually resulted in his being labeled a vexatious litigator at all levels of the state courts.

Petitioner simply has not made a case for the inclusion of the state's motion to dismiss in this record. He has not demonstrated why he has not asked for it sooner; he has not demonstrated how it is relevant; and he has not demonstrated how it could affect the AEDPA statute of limitations that he once again filed a motion or action that met with both opposition from the state and ultimate denial from the state courts. The Court does not find Petitioner's objections persuasive, nor does it find any flaw in the Magistrate Judge's reasoning regarding the two documents with which Plaintiff has sought to expand the record. *See* Doc. 85. The Court therefore ACCEPTS the recommendation of the R&R and DENIES Petitioner's motion to expand the record. (Doc. 85.)

### C. Motion for Leave to Expand the Record (Doc. 87)

The Court will next consider Petitioner's other motion for leave to expand the record which is included in the Interim R&R. Petitioner seeks leave to include a copy of a letter from the Ohio Supreme Court, Judicial and Court Services Division, which indicates that they do not have a record of Judge Curran's presiding over Petitioner's case after the original trial judge's recusal. (Doc. 87-1.) The Magistrate Judge recommends that Petitioner's motion be denied because he has provided no basis for including the letter in the record and has provided no argument for its relevance. Moreover, as Petitioner correctly notes in his motion, the content of the letter "is clearly distinguishable with the record in this case," which "unambiguously shows" that Judge Curran was assigned to the case. (Doc. 87 at 2.) Petitioner's only argument (which is mere assertion and lacks any apparent basis in law or fact) is that this conflict demonstrates that Judge Curran was prejudiced against Petitioner's case. As Petitioner has conceded that he does not object to the Magistrate Judge's recommendation, the Court ACCEPTS the recommendation and DENIES the motion (Doc. 87) to expand the record.

### D. Motion for Leave to Reply against Respondent's Response to Petitioner's Objections (Doc. 86.)

Petitioner has next filed a motion (Doc. 86) to be permitted to reply to Respondent's Response (Doc. 84) to Petitioner's Objections to the R&R. Petitioner has stated several bases for being granted leave to file a reply, each of which the Magistrate Judge has carefully reviewed in the Interim R&R, recommending that the motion be denied. Petitioner has objected to that recommendation, re-stating the same claims he has made in moving for leave, including his assertion that Respondent has conceded points that will change the legal landscape and affect the AEDPA statute of limitations.

Having reviewed the analysis of the Magistrate Judge in the Interim R&R, the Court is persuaded that Petitioner has made no substantive argument for being permitted to reply to Respondent's Response. The arguments Petitioner has advanced are, at their core, the same arguments Petitioner has repeatedly tried (unsuccessfully) to make. The Magistrate Judge's recommendation is ACCEPTED, and Petitioner's motion to file a reply is DENIED.

**V. Remaining pending motions**

Still remaining are four pending motions that Petitioner filed after the Magistrate Judge issued his Interim R&R. The Court will now dispose of those motions.

**A. Motion for leave to conduct an evidentiary hearing (Doc. 90)**

Petitioner has moved for leave to conduct an evidentiary hearing pursuant to Habeas Rule 8, and to have counsel appointed for that purpose. Much of the argument set forth therein has already been rejected in the Interim R&R – namely the assertion that Respondent has conceded to Petitioner's claim that the state record is fatally deficient and that the deficiencies affect the AEDPA statute of limitations.

Petitioner's bases for this motion, in sum, are as follows (based entirely on the assumption that Respondent has conceded Petitioner's arguments regarding the timeline and contents of the state record[8]): first, that the factual predicate for the habeas petition could not have been discovered until May 12, 2003, the date on which the trial judge provided an affidavit attesting to the fact that proceedings took place at which Petitioner was not present or represented by counsel, which then resulted in Petitioner's filing the August 12, 2003 motion for a new trial that the trial court did not deny until September 6, 2006; second, that Respondent contends that the vexatious litigator statute applies to criminal cases, which Petitioner contests,

---

[8] This is not a new assumption and, as the Magistrate Judge noted in the Interim R&R (Doc. 89 at 7), it is false. Respondent has, at most, assumed *arguendo* some of Petitioner's assertions, but has conceded nothing.

20

and that such a revelation might have a bearing on the AEDPA statute of limitations by nullifying the September 6, 2006 order; third, that Respondent has conceded that Petitioner amended his July 3, 2003 petition by means of an amendment of right, filed July 11, 2003, but the trial court has not ruled on the amended petition, thereby continuing to toll the statute of limitations. In the event that any of these grounds is unconvincing to the Court, Petitioner has also raised a claim about new scientific evidence regarding the testing of gun shot residue that Petitioner claims would demonstrate his innocence.

Each of the bases set forth above, with the exception of the gun shot residue argument, has already been analyzed, discussed and rejected, both by the Magistrate Judge and by this Court. Rule 8 of the Rules Governing Habeas Corpus Cases, which governs the determination of whether to hold an evidentiary hearing, states that "*If the petition is not dismissed*, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." (Emphasis added.) Based upon its review of the Magistrate Judge's R&R, the Court has already concluded that the petition in this matter will be dismissed. Each of the arguments raised in Petitioner's motion for an evidentiary hearing was considered in that R&R (or the subsequent Interim R&R) and determined to be without merit.

Analyzing the substance of the motion, however, the court turns to 28 U.S.C. § 2254(e)(2), which governs review of a petitioner's motion for an evidentiary hearing:

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

(A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

21

> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

As to the first requirement, which is the development of this argument in state court, Petitioner has provided no evidence. In such an instance, the Court may proceed to hold an evidentiary hearing only if the Petitioner can demonstrate that his case meets the other two conditions of the statute, namely § 2254(e)(2)(A) and (B). *See, e.g.*, *Williams v. Taylor*, 529 U.S. 420, 435 (2000).

Respondent correctly notes that Petitioner has not provided evidence of diligence in discovering this information. Petitioner asserts that it was unavailable until 2008, but that does not explain why the Court is not receiving this argument until 2011. In addition, the Court is convinced that Plaintiff has failed to show how this method, even if it called into question the residue on Petitioner's hands at the time of the shooting, would constitute a claim of innocence or anything more than impeachment evidence. As Petitioner himself notes, "Had this information been available at the time of trial, Defense counsel would have challenged all of the [gun shot residue] test results," (Doc. 90 at 10), an assertion that does not demonstrate how the challenge would overcome the other trial testimony and evidence that had mounted against Petitioner during the course of the trial.

Respondent has drawn the Court's attention to the Supreme Court's holding in *Schriro v. Ladrigan*, 550 U.S. 465 (2007), requiring that, in making the decision of whether to grant a habeas petitioner an evidentiary hearing, a district court "must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. The Court in *Schriro* also remarked that

the decision of whether to grant an evidentiary hearing is within the discretion of the district court. *Id.* at 468.

Given this deference, the Court is not inclined to grant Petitioner an evidentiary hearing. Petitioner has had multiple opportunities to bring issues to the attention of various courts. His persistence in filing motions and appeals in the state courts is well documented.[9] The docket in this matter demonstrates his continued efforts on his own behalf. This particular motion reiterates many of the arguments already resolved by this Court in its denial of various other motions and its dismissal of the amended petition. Petitioner's claim about newly discovered scientific methods for testing for gun shot residue reflects neither diligence on Petitioner's part nor a likelihood of ultimate success. In its discretion, therefore, the Court DENIES Petitioner's motion for an evidentiary hearing, and the attendant motion for the appointment of counsel. (Doc. 90.)

**B. Motion for leave to take notice and supplement petition (Doc. 95)**

Petitioner next moves the Court to take notice of new Supreme Court authority, and to supplement the record therewith. Respondent has not filed any response to the motion. The case to which Petitioner cites is *Wall v. Kholi*, --- U.S. ---, 131 S.Ct. 1278 (2011), in which the Court was deciding whether a motion to reduce a sentence constitutes a collateral proceeding such that its pendency would toll the statute of limitations under 28 U.S.C. § 2242(d)(2). The Court decided that it did constitute a collateral proceeding and that it had tolled the statute of limitations, making the petitioner's petition timely under the AEDPA statute of limitations. *Id.* at 1287.

---

[9] The Court and the Magistrate Judge have already addressed the vexatious litigator status attached to Petitioner in the state courts, and the Court reiterates here only that the state court did not express any intention to prohibit *legitimate* filings by Petitioner.

While the Court will acknowledge that this recent ruling decides an issue of the tolling of the AEDPA statute of limitations, it does not help Petitioner's cause. The state court filings to which Petitioner has repeatedly pointed as those that he believes should toll the statute of limitations do not do so, not because there is any question of whether such a filing properly made would toll the limitations period, but because Petitioner's filings (as discussed repeatedly above) were not proper. Therefore, Petitioner's motion is GRANTED in that the Court has taken notice of the case law to which he has drawn its attention, but the Court finds that case law inapposite in this instance.

### C. Motion for leave to expand/supplement the record (Doc. 96)

Petitioner again moves the Court for leave to expand the record, this time with new filings made by the prosecutor in the state court. Respondent has not filed any response to the motion. Once again, Petitioner attempts to convince this Court that the August 12, 2003 motion for leave to file a motion for a new trial was properly filed, timely, and tolls the statute of limitations. Petitioner now asserts that, because the prosecutor, invoking the vexatious litigator statute, has recently filed a motion to dismiss yet another appeal sought by Petitioner in the state court, the landscape has changed and the August 12 motion should be reconsidered by this Court. The argument regarding the timeliness of the August 12 motion is one that the Court has repeatedly addressed and repeatedly rejected. It will not consume its resources addressing the argument yet again, as Petitioner has presented no evidence that would support his position. The August 12, 2003 motion was untimely. Petitioner's motion for leave to expand the record (Doc. 96) is DENIED.

24

**D. Motion for Leave to Amend Petition (Doc. 98)**

The final pending motion is Petitioner's motion for leave to amend the petition. (Doc. 98.) Respondent has not filed any response to the motion. Petitioner again raises the claim that the AEDPA statute of limitations should have been tolled, this time basing his argument on the assertion that the state trial court issued a judgment entry "acknowledging the tolling time under 28 U.S.C. § 2244(d)(2)." (Doc. 98 at 1.) Petitioner has attached the state court filing to which he refers as Exhibit C to his proposed amended petition. The Court has reviewed it and simply cannot discern where Petitioner has gleaned the idea that the state trial court acknowledged anything that would make any claim Petitioner has made or is attempting to make viable or valid, or would concede to the tolling of the statute of limitations in any way. *See* Doc. 98-1 at 44-48. Petitioner's motion is DENIED.

**VI. Summary of Rulings**

For the foregoing reasons, the Court ACCEPTS the recommendation of the Magistrate Judge that it reconsider its original order (Doc. 15) reopening the 2003 petition (Doc. 1), and therefore DENIES that petition. In the alternative, the Court holds that Petitioner's Grounds 3-10 of the amended petition (Doc. 26) do not relate back to the 2003 petition and Grounds 1-2 of the amended petition lack merit. The Court therefore also DENIES the amended petition.

Petitioner's objections to the Magistrate Judge's denial (Doc. 67) of his various motions (Docs. 57, 58, 59, 60, 63, 65) are OVERRULED. Petitioner's amended objections (Doc. 83) to the R&R (Doc. 66) are OVERRULED.

The Court ACCEPTS the recommendation of the Magistrate Judge in the Interim R&R (Doc. 89) to STRIKE Petitioner's original objections (Docs. 73, 74) to the R&R and

25

Respondent's response thereto (Docs. 77, 78). It ACCEPTS the recommendation to DENY AS MOOT Petitioner's Motion for Leave (Doc. 79). It further ACCEPTS the recommendation to DENY Petitioner's motions for leave to expand the record (Doc. 85), for leave to reply (Doc. 86), and to further expand the record (Doc. 87).

Finally, the Court DENIES Petitioner's motion for leave to conduct an evidentiary hearing (Doc. 90), his motion for leave to expand the record (Doc. 96) and his motion to amend his petition (Doc. 98). The Court GRANTS Petitioner's motion to supplement his petition with Supreme Court authority (Doc. 95).

## VII. Conclusion

Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus and Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus are hereby **DISMISSED**. This order is final and the matter is closed. Other than papers necessary to effect an appeal, Plaintiff is prohibited from making further filings in this matter.

Further, the Court **CERTIFIES** that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed.R.App.P. 22(b).

**IT IS SO ORDERED**.

Dated: September 29, 2011

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**