UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN A. BOZSIK, | ) | CASE NO.1:03CV1625 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | |
| MARGARTET BRADSHAW, Warden, | ) | MEMORANDUM OPINION & |
| | ) | ORDER |
| Respondent. | ) | |
| | ) | |

Before the Court is a motion to reconsider or clarify judgment filed by Petitioner Steven A. Bozsik ("Petitioner"). (Doc. 102.) Respondent has filed an opposition to Petitioner's motion. (Doc. 104.) For the reasons that follow, Petitioner's motion is **DENIED**.

I. LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for a motion for reconsideration. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Fed. R. Civ. P. 59(e) as a motion to alter or amend a judgment. *Rodriguez v. City of Cleveland,* No. 1:08-CV-1892, 2009 WL 1565956, at *1 (N.D. Ohio June 3, 2009) (citing *Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir. 1979)). Similarly, a motion for rehearing falls within the provisions of Rule 59(e). *See Mich. Dessert Corp. v. A.E. Stanley Mfg. Co.,* 23 F. App'x 330, 336 (6th Cir. 2001). The motion is disfavored and is seldom granted because it contradicts notions of finality and repose. *Id. See Wells Fargo Bank v. Daniels,* No. 1:05-CV-2573, 2007 WL 3104760, at *1 (N.D. Ohio Oct. 22, 2007); *Plaskon Elec. Materials, Inc. v. Allied–Sigal, Inc.,* 904 F. Supp. 644, 669 (N.D. Ohio 1995). A court may grant a motion to amend or alter

judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio,* 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August, 1993 Regular Grand Jury,* 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)).

## II. ANALYSIS

On September 30, 2011, the Court dismissed the petition for writ of habeas corpus, as amended, filed under 28 U.S.C. § 2254, accepting the recommendation of the Magistrate Judge that the Court reconsider its original order reopening Petitioner's 2003 petition, and in the alternative, holding that Grounds 3-10 of Petitioner's amended petition did not relate back to his 2003 petition and Grounds 1-2 of the amended petition were meritless. (Doc. 100.) Further, the Court addressed an additional fourteen motions filed by petitioner, including his requests to expand the record, for leave to conduct an evidentiary hearing, and to amend his petition. (*Id.*) Petitioner asserts that the Court made several errors of law and fact, which require this Court to clarify its September 30, 2011 order and to issue a certificate of appealability.

First, Petitioner asserts that the Court should not have considered the merits or timeliness of his 2006 amended petition because, according to Petitioner, that amended or successive petition is effectively a nullity. The Court originally dismissed without prejudice

Petitioner's 2003 petition because he had failed to exhaust his administrative remedies. (Doc. 5.) In 2008, the Court granted Petitioner's motion to reopen the case and reinstated his 2003 petition; Petitioner was subsequently permitted to amend his petition. Petitioner claims that because the Court's September 30, 2011 ruling held that the 2008 reinstatement order was invalid (Doc. 100), any changes in his case subsequent to the original dismissal order (Doc. 5) cannot exist without creating a miscarriage of justice against him and, therefore, must be stricken. Petitioner does not explain, however, how he has been harmed by the Court's consideration of the amended petition. Indeed, the Court's holding that the 2006 amended petition was in part meritless (Grounds 1-2) and in part did not relate back (Grounds 3-10) *was an alternative ground* for dismissing the amended petition; the chief ground for dismissal of the amended petition was that Petitioner did not timely reopen his original federal habeas petition upon exhaustion of his state claims under *Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005). (Doc. 100 at 6, 8-9.)[1]

In other words, the Court's ruling makes clear that, whether or not the reinstatement of the 2003 petition was proper, the amendments thereto would necessarily fail as a matter of law. On the one hand, the amended petition would fail because the case was not timely reopened; on the other, if the case was timely reopened, the amended petition would fail for the alternative grounds discussed. The Court's consideration of alternative grounds for

---

[1] For example, the Court stated that, "in adopting the reasoning of the R&R on the issue of timeliness, the Court adopts it reasoning with respect to Petitioner's vexatious litigator status and its effect on his ability to exhaust state remedies. … The Court will, however, analyze and consider the next recommendation of the R&R as an *alternative* basis for dismissal of Petitioner's petition." (Doc. 100 at 9) (emphasis added). *See also,* Doc. 100 at 25 ("[T]he Court accepts the recommendation of the Magistrate Judge that it reconsider its original order … reopening the 2003 petition …, and therefore denies that petition. *In the alternative,* the Court holds that Petitioner's Grounds 3-10 of the amended petition … do not relate back to the 2003 petition and Grounds 1-2 of the amended petition lack merit. The Court therefore also denies the amended petition.") (emphasis added).

dismissal in the event that the reinstatement order was valid was within the Court's discretion and was not an error of law. *Cf. Linger v. Akram*, 23 F. App'x 248, 253 (6th Cir. 2001) (holding that district court's decision to dispose of federal habeas claims on their merits, despite petitioner's alleged failure to exhaust state remedies, was not an abuse of discretion). Accordingly, Petitioner's first argument lacks merit.

Next, Petitioner contends that the Court erred when it permitted the Respondent to file an incomplete record and thereby disregarded state court filings identified by the amended petition, which he asserts establish that he has not exhausted his state court remedies. Petitioner argues that pursuant to *Watkins v. Straub*, 90 F. App'x 93 (6th Cir. 2004), this Court was required to remand this case to the Magistrate Judge for consideration of the complete state record and procedural posture. In *Watkins*, an unpublished opinion, the Sixth Circuit held that due to the state's failure to file *any* of the petitioner's post-conviction motions in response to his petition, the Court could not "*make a meaningful determination* as to whether his habeas claims [were] procedurally defaulted." *Id.* at 96-97 (emphasis added).

Here, the Court has addressed at length Petitioner's contention that the state court record is fatally deficient, and has repeatedly concluded that the state court filings identified by Petitioner were untimely (Doc. 100 at 7, 17-18, 24), meritless (Doc. 100 at 9, 24), and wholly irrelevant to the Court's rulings (Doc. 100 at 12, 15, 17-18, 19, 24). In short, there has been no demonstration that the state court filings that Petitioner seeks to include in the record are in any way necessary to making a meaningful determination of the issues in this case. Moreover, a motion for reconsideration is not a vehicle by which to renew arguments already considered and rejected by the Court or to proffer a new legal theory to support a prior argument, which could

4

have been discovered with due diligence during the Court's initial consideration of the issue. *McConocha*, 930 F. Supp. at 1184. Accordingly, the Court concludes Petitioner's second argument does not present valid grounds for reconsideration or clarification.

Next, Petitioner contends that a conflict exists between this Court's ruling and the R&R's treatment of Grounds 7 and 9 of the amended petition. According to Petitioner, the R&R (Doc. 66) recommended that the Court find these grounds were timely filed, however, the Court's ruling accepting the R&R stated that these grounds were untimely filed. Further, Petitioner asserts that the Court must reconsider the alleged due process violation asserted in Ground 9; that the state trial court erred when it applied to Petitioner, a criminal defendant, Ohio's vexatious litigator statute, Ohio Rev. Code § 2323.52, which is applicable only to civil litigants.

The Court finds no error or discrepancy between its ruling and the R&R and will not address, yet again, arguments that the Court has already soundly rejected. In this case, the Court accepted the R&R *in toto*, including its recommendations that the Court: (1) find Ground 7 *untimely* (Doc. 66 at 68); (2) find Ground 9 timely (*Id.*); and (3) dismiss Ground 9 as meritless. As to the merits of Petitioner's due process claims, including Ground 9, the Court concluded, "While Petitioner has repeatedly contended that he has tolled the statute of limitations by repeat filings, and that the vexatious litigator status prohibited him from properly pursuing his claims in state court, there is no merit to these claims, as the R&R clearly sets forth." (Doc. 100 at 9.) Thus, whether or not Ground 9 was timely is irrelevant. Pursuant to Rule 8(b) of the Rules Governing § 2254 Cases in the United States District Court, the Court reviewed *de novo* Petitioner's objection that the Magistrate Judge's determination on the merits of Ground 9 was in

error and accepted the Magistrate Judge's recommendation to dismiss. Accordingly, the Court finds no error of law and rejects Petitioner's invitation to review *ad nauseam* his claim that the state courts' application of the vexatious litigator statute violated his due process rights.

The fourth, and final, error of law alleged by Petitioner is that the Court exceeded its authority under the habeas rules governing § 2254 cases when it limited his objections to twenty-five (25) pages. Hence, Petitioner argues the Court should permit him to file a new set of objections to the R&R. Local Rule 7.1(f) limits the length of memorandum related to non-dispositive motion practice before the Court to fifteen (15) pages and makes no distinction for habeas corpus actions. Moreover, the Court "has the inherent power to manage its docket, subject of course to statutes requiring special treatment for specified types of cases." *In re Prevot*, 59 F.3d 556, 566 (6th Cir. 1995). Petitioner has not pointed to any such statute that expressly limits the Court's power to set page limits in habeas cases. The Court granted Petitioner leave to file an additional ten (10) pages of objections beyond the limit imposed by the local rule. This limitation was both reasonable and adequate in light of Petitioner's previous lengthy and multiplicitous filings. Petitioner has not shown "that the page limit [imposed by the Court] prevented him from bringing certain [objections] over others [or] that the page limit led to more than [him] making certain strategic choices regarding the arguments to include or to omit." *Pinnell v. Belleque*, 638 F. Supp. 2d 1231, 1258 (D. Or. 2009) (citing *Weeks v. Angelone,* 176 F.3d 249, 272 (4th Cir. 1999)). *See also, Hill v. Norris,* 96 F.3d 1085 (8th Cir. 1996) (holding ten page limit on state post-conviction relief petition did not excuse federal habeas petitioner's procedural default where petitioner failed to demonstrate inability to adequately present claims in

the space allotted). Accordingly, Petitioner's final argument lacks merit and his request to file a new set of objections is denied.

### III. CONCLUSION

For the reasons set forth herein, Petitioner's motion for reconsideration or clarification of judgment is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 30, 2012

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**